GENERAL MOTORS ACCEPTANCE CORPORATION, APPELLEE, V.
GEORGE SUTHERLAND: JOE CHANCELLOR, APPELLANT.

FILED MARCH 11, 1932.   No. 27978.

*E. A. Wunder*, for appellant.

*Denney & Denney, Reed, Ramacciotti & Robinson* and *Roman L. Hrushka*, contra.

Heard before ROSE, GOOD and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

LANDIS, District Judge.

Replevin by General Motors Acceptance Corporation, as plaintiff, against George Sutherland, Chancellor Garage and Tire Company and Joe Chancellor, defendants, to recover possession of an automobile. Plaintiff obtained judgment against all the defendants in the county court, and again in the district court, where jury was waived and trial had to the court. Defendant Joe Chancellor appeals.

There is no dispute as to the facts. According to admissions in the pleadings, stipulated facts and evidence, on June 3, 1929, C. B. Clarke, doing business as Clarke Motor Company, sold to George Sutherland a new Pontiac automobile on a conditional sale contract, under the terms of which the title to the automobile remained in the seller, until all payments had been made.

The Clarke Motor Company assigned all of its interest in and to the conditional sale contract and the property covered thereby to the plaintiff. A certified copy thereof was filed in the office of the county clerk on June 8, 1929.

The defendant carries on the business of an automobile repairer. While the automobile was in the possession of the conditional vendee Sutherland it was damaged, and in November, 1929, he placed it in the hands of the defendant for necessary repairs. The defendant made the repairs, charging therefor, for one front fender, $11.25; one splash apron, $4.75; one running board, $8.75; one hub cap, 75 cents; express on parts, $2.10; recharging battery, $1; painting fender and door, $15; labor, straight-

ening angle frame and fender and replacing the new parts, $36.40, total, $80. Conditional vendee paid $10 on the charges, $70 thereof remaining unpaid, and defendant refused to deliver the automobile until the balance was paid.

The conditions and agreements of the sale were not fulfilled and performed by the conditional vendee, and the plaintiff seeks possession of the automobile under the terms of the conditional sale contract. Defendant held possession of the automobile on the ground that the lien for repairs is superior to the interest of the plaintiff.

When the plaintiff offered the conditional sale contract, defendant interposed the objection: "Defendant Joe Chancellor objects to the introduction of the exhibit for the reason that it is incompetent, irrelevant and immaterial under the issues in this case, the claim of the defendant being based on an artisan's lien and not on a purchase or general creditor's lien; for the further reason that said exhibit purports to be a conditional sale contract and is not certified as provided by section 2464 of the statutes."

The section referred to provides: "Said copy shall have attached thereto an affidavit of such vendor or lessor, or his agent or attorney, which shall set forth the names of the vendor and vendee, or lessor or lessee, or description of the property transferred and the full and true interest of the vendor or lessor therein." Comp. St. 1929, sec. 36-208.

Defendant contends that, because the signature of the affiant, C. B. Clarke, appears only in the fore part of the affidavit, and because the seal of the notary is missing, the court committed error in receiving the exhibit in evidence. In his brief, in discussing this question, he says: "Under the issues as formed in this case the defendant was not justifying his possession as either purchaser or judgment creditor, being the only two classifications of persons to whom a proper filing of the certified copy would impart notice under section 36-208."

Before the objection was made, defendant stipulated: "That the amount due on plaintiff's claim, based on exhibit A attached to plaintiff's petition, from George Sutherland who is in default in this action is the amount rendered in the county court of $378. It is further stipulated that exhibit A is the original signed conditional sale contract sued on in this action and that the signatures thereon are the signatures of the parties together with the assignment of said contract to the plaintiff and that the plaintiff is the owner of said contract."

The affidavit to the filed copy of the contract was as defined by the statutes. It was signed by C. B. Clarke, and the notary says it was subscribed and sworn to before her over her signature as notary public. True the signature of C. B. Clarke was in the beginning of the affidavit rather than at the end. But the signature need not be at the end, if it appears in any part, was placed there by the party, and is applicable to the whole circumstance of the affidavit. The purpose of affixing a seal is merely to attest the genuineness of the signature of the officer. Its omission is not generally held to be fatal. The trial court properly overruled the objection of the defendant to the exhibit. *McAbee v. Gerarden,* 187 Wis. 399; 1 R. C. L. 769, sec. 13; 2 C. J. 357.

The important question is the determination of priorities of the respective claims to possession. Defendant contends that as artisan he has a lien on the automobile paramount to plaintiff. Defendant's possessory lien is based on section 52-201, Comp. St. 1929:

"Any person who makes, alters, repairs or in any way enhances the value of any vehicle, automobile, machinery, farm implement or tool, or shoes a horse or horses, or mule or mules, at the request of or with the consent of the owner, or owners thereof, shall have a lien on such vehicle, automobile, machinery, farm implement or tool, or horse or horses, mule or mules, while in his possession, for his reasonable or agreed charges for the work done or material furnished, and shall have the right to retain said property until said charges are paid."

Defendant repaired the automobile at the request of the conditional vendee. His charges were reasonable, and he retained the possession thereof for the unpaid charges until taken under the writ of replevin. Plaintiff is assignee of a prior filed conditional sale contract, and had no knowledge of the repairing done by defendant until the same was completed. Conditional vendee defaulted in his payments and plaintiff replevied the automobile.

The precise question here involved has never been determined by this court. Defendant cites cases from California, Minnesota, New York, and Wisconsin. The California statute creates a prior artisan's lien for repairs made at the request of the owner or legal possessor of the property. Deering Civil Code 1931, sec. 3051. The Minnesota statute gives a lien for work or material used in the repair of personal property at the request of the owner or legal possessor. Mason's Minn. St. 1927, sec. 8507. The statute also defines the term "owner" to include a conditional vendee or mortgagor in possession. Mason's Minn. St. 1927, sec. 8528. The New York statute provides that a repair-man should have a lien for work done at the instance or request of a conditional vendee in possession. 6 McKinney's Consolidated Laws of N. Y. sec. 184. The Wisconsin statute allows an artisan's lien for work done at the request of an owner or legal possessor of chattel property. 3 Wis. St. 1913, sec. 3343.

In *Cache Auto Co. v. Central Garage,* 63 Utah, 10, it is pointed out that, in states where the lien of an artisan has been entitled to priority, it was because of a statute which specifically so provided. The leading cases from many jurisdictions are considered and the conclusion reached that no lien on chattel property sold by conditional sale can be obtained by one making repairs at the instance of the conditional vendee, where the statute provides for such a lien when the repairs are made at the request of the owner.

According to the decisions in the states of Idaho, Maine, Utah, and Washington, which have statutes like Nebras-

ka, before the artisan can have any possessory lien on the automobile at all, the repairs must have been furnished at the request or with the consent of the owner. *Neitzel v. Lawrence*, 40 Idaho, 26; *Hartford Accident & Indemnity Co. v. Spofford*, 126 Me. 392; *Wilcox v. Mobley*, 116 Wash. 118; *Cache Auto Co. v. Central Garage, supra.*

If A loans his automobile to B for a pleasure trip, and without A's knowledge or consent an artisan repairs same at the request of B, could the artisan assert his possessory lien for reasonable repairs under section 52-201, *supra*, as against A? All liens are created by law or by contract, and to establish a lien the contract must be made with the owner of the property upon which a lien is sought to be imposed. Our statute says the repairs must be made at the request of the owner. It seems obvious in the supposed case that A could successfully replevin his automobile from the artisan.

As a general rule, the lien of an artisan making repairs to a chattel at the instance of the conditional vendee in possession is subordinate to the rights of the conditional vendor under a contract of conditional sale of which the artisan making the repairs has constructive or actual notice. *Hollis & Ray v. Isbell*, 124 Miss. 799; *Shaw v. Webb*, 131 Tenn. 173; *Small v. Robinson*, 69 Me. 425; *Baughman Automobile Co. v. Emanuel*, 137 Ga. 354; *Arnold v. Chandler Motors of R. I., Inc.*, 45 R. I. 469; *Ellis Motor Co. v. Hibbler*, 219 Ala. 53; *Culberson v. Lakella Iron Works*, 170 Ark. 813.

In a conditional sale contract the title does not pass by the delivery of the property to the conditional vendee. Under such a contract the conditional vendee is bound to do something as a condition precedent to the passing of the title to the property. The title does not pass until the condition is fulfilled, although the property is delivered into the possession of the conditional vendee.

Possession of the property by the conditional vendee does not clothe him with the indicia of ownership sufficient to prevent the conditional vendor from reclaiming

same from a *bona fide* purchaser from the conditional vendee. It has been held that the conditional vendee is only a "bailee" of the property. *King v. Bates*, 57 N. H. 446. Also, that the vendee is the equitable owner. *Railway Co. v. Lumber Co.*, 130 Tenn. 354. Mere possession is not proof of property. *McComb v. Donald's Admr.*, 82 Va. 903. In *Drummond Carriage Co. v. Mills*, 54 Neb. 417, our court by Chief Justice Harrison rendered an opinion, Commissioner Ragan dissenting, wherein a common-law lien for repairs was held superior to a prior recorded chattel mortgage. This decision was made previous to the enactment of section 52-201, *supra*, and announces the rule: "By operation of the common law, in the absence of any specific agreement, every person who has bestowed labor and skill on a chattel bailed to him for the purpose, and has thereby increased its value, has a lien on such chattel and may retain it until paid his reasonable charges for his services." The opinion concludes with the following: "We are not holding that in all cases, or generally, the common-law lien will override and be superior to the prior chattel mortgage lien, but that in cases where the mortgagor can be said to have expressed or implied authority from the mortgagee to procure repairs to be made on the mortgaged property it will be so."

The Maryland Court of Appeals in *Meyers v. Neely & Ensor Auto Co.*, 143 Md. 107, holds that the rights of the conditional vendor are inferior to the common-law lien of a mechanic who has made repairs on the property, where the circumstances of the sale were such as to imply a consent by the conditional vendor that the conditional vendee may have it repaired when necessary.

On the other hand, there are cases which deny that there is any implied consent from entrusting an automobile with the conditional vendee, which will subject the conditional vendor's interest to the right of a mechanic employed by the conditional vendee. *Arnold v. Chandler Motors of R. I., Inc.*, 45 R. I. 469; *Bath Motor Mart v. Miller*, 122 Me. 29.

It is to be noted that there is a marked difference between the position of a mortgagor and a conditional sale vendee. The former must own the property which he mortgages. He is commonly known as the owner. This is not true as to the conditional sale vendee. He holds possession under an executory contract to purchase. He may have acquired equitable rights in the property, but he is not the owner.

In the instant case the conditional vendee got a new automobile and contracted to "keep said property free of all taxes, liens and incumbrances; shall not use same illegally, improperly, or for hire;" so that any presumption of implied authority upon the part of the conditional vendee to have repairs made upon the credit of the automobile itself would do violence to the real understanding of the conditional sale contract. This very definite provision negatives the existence of an implied agreement. A lien is a proprietary interest, at most a qualified ownership, and usually can only be created by the owner. Where the statute gives a lien, and does not provide for the priorities, then it must be interpreted as consistent with prior law, there being nothing in it inconsistent with the well-established rule that a prior lien, duly recorded, gives a prior claim.

In *Rankin & Schatzell v. Scott*, 12 Wheat. (U. S.) 177, Chief Justice Marshall said: "The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a court of law or equity to a subsequent claimant."

Defendant claims a lien by force of a statute, section 52-201, *supra*. This statute has no technical terms, is unambiguous, plain, and easily understood. To give the conditional sale vendee implied authority to create a lien for repairs involves the necessity of changing the literal meaning of the statute. This would violate a fundamental rule of construction that, unless technical words or terms

are used, they should be given their usual and ordinary meaning.

This section does not warrant the presumption that a conditional sale vendee has authority to incumber the automobile, the legal title to which is reserved in the conditional vendor, unless the consent of the vendor is shown by some conduct or act on its part aside from merely putting the conditional vendee in possession, and permitting him to use the automobile pending payment of the purchase price. Under our system of government the office of a judge is *jus dicere*, not *jus dare*—to interpret the law, not to make the law. The legislature makes the law, has declared it plainly.

The artisan who is not bound to accept an automobile for repairs, but only does so at his election, must regard section 52-201, *supra,* as not providing for a possessory lien as against the unpaid conditional vendor under a duly filed conditional sale contract, which forbids liens being created on the chattel, unless the repairs are made at the request or with the consent of the conditional sale vendor.

The judgment of the trial court is right and is

AFFIRMED.