UNITED STATES of America, Gary O. Booth, Richard D. Roller, and Barbara A. Shandony, Plaintiffs,

v.

Douglas M. HART, Deanna Kensrud, Register of Deeds of Cass County, North Dakota, and Reuben Brownlee, Register of Deeds of Richland County, North Dakota, Defendants.

Civ. No. A3–82–87.

United States District Court,
D. North Dakota,
Southeastern Division.

Aug. 17, 1982.

As Amended Aug. 30, 1982.

---

Rodney S. Webb, U. S. Atty., Fargo, N. D., Larry Meuwissen, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiffs.

Robert G. Hoy, Cass County State's Atty., Fargo, N. D., for Deanna Kensrud.

Earle Myers, Jr., Richland County State's Atty., Ronald W. McBeth, Asst. State's Atty., Wahpeton, N. D., for Reuben Brownlee.

Douglas Hart, pro se.

### MEMORANDUM AND ORDER FOR JUDGMENT

BENSON, Chief Judge.

In this civil action, the United States and three individuals who are employees of the Internal Revenue Service of the United States are seeking declaratory [1] and injunctive relief arising out of the actions of defendant Douglas M. Hart in filing and recording documents entitled, "common law liens," which documents have been recorded by defendant Registers of Deeds and indexed against the real estate holdings of the individual plaintiffs. Defendant Hart has also filed with the Register of Deeds of Cass County a document entitled, "Sheriff's Posse Comitatus Common Law Great Charter." The Register of Deeds likewise recorded this document.

On motion of plaintiffs, supported by briefs and affidavits, the matter was brought on for expedited hearing on August 6, 1982 by order of the court requiring the defendants to appear and show cause why the relief requested by the plaintiffs should not be summarily granted. See Fed. R.Civ.P. 6(d). Each of the defendants filed an answer to the complaint, and each appeared at the hearing. Defendants Kensrud and Brownlee were represented by counsel. Defendant Hart appeared pro se, and also filed motions to dismiss alleging lack of subject matter and personal jurisdiction.

On the record in the case, plaintiffs' motion will be treated as a Rule 56 motion for summary judgment. The court finds there is no genuine issue as to any of the following material facts:

Plaintiffs Booth, Roller, and Shandony, respectively, hold the positions as District Director, Group Manager, and Examination and Revenue Agent with the United States Internal Revenue Service, Fargo, North Dakota District. Defendants Deanna Kensrud and Reuben Brownlee hold the office of Register of Deeds for Cass County, North Dakota and for Richland County, North Dakota respectively. Douglas Hart resides in West Fargo, North Dakota.

On February 10, 1981, plaintiff Barbara A. Shandony, on assignment from her superior, plaintiff Richard D. Roller, undertook to audit the 1979 individual income tax

---

1. Declaratory relief is authorized under 28 U.S.C. §§ 2201, 2202, and is also provided under North Dakota law at N.D.Cent.Code §§ 32–23–01, 32–23–08 (1976).

return of defendant Douglas M. Hart. On April 30, 1981, the audit was extended to include defendant Hart's 1980 income tax return.[2]

On April 30, 1982, a date after the completion of the audit, defendant Douglas M. Hart filed in the office of the Register of Deeds, Richland County, North Dakota, documents purported to be common law liens, which documents the Register of Deeds recorded as Document No. 234435, and indexed against the following described real estate owned or previously owned by plaintiff Barbara A. Shandony and/or her husband Michael Shandony:

*Parcel No. 1:*

Lots numbered One (1) and Two (2) in Block numbered Six (6) of the Original Townsite of the City of Christine, Richland County, North Dakota, according to the plat thereof recorded in the Register of Deed's Office.

*Parcel No. 2:*

Lots numbered 13 and 14 in Block numbered 12 of the Original Townsite of the City of Christine, Richland County, North Dakota, according to the certified plat thereof.

On May 3, 1982, defendant Douglas M. Hart filed in the office of the Register of Deeds of Cass County a document purported to be a common law lien, which document the Register of Deeds recorded in Book 676 of Mortgages, pages 193 and 194 as Document No. 587288, and indexed against the following described real estate owned by plaintiff Richard D. Roller and his wife Judy A. Roller:

Lot Twenty-two (22) and the North (N) Twenty-five (25) feet of Lot Twenty-three (23) in Block Two (2), in Schonberg's Addition to the City of Fargo, County of Cass, and State of North Dakota.

On May 3, 1982, defendant Douglas M. Hart filed in the office of the Register of Deeds of Cass County a document purported to be a common law lien, which document the Register of Deeds recorded in Book 676 of Mortgages, at pages 195 and 196 as Document No. 587289 and indexed against the following described real estate owned by plaintiff Gary O. Booth and his wife Martha K. Booth:

Lot 20, Block 2, in Prairiewood Addition to the City of Fargo, situate in the County of Cass, and the State of North Dakota.

On the 14th day of May, 1982, a document was filed in the office of the Register of Deeds, Cass County, North Dakota, entitled "Sheriff's Posse Comitatus Common Law Great Charter" which document was recorded by the Register of Deeds in Book E–9 of Misc. on pages 2–5 as Document No. 587669, with an attached document entitled "Bill of Particulars" which document was recorded by the Register of Deeds in Book E–9 of Misc. on pages 6–9 as Document No. 587670. The documents purport to be a charter which enunciate that the federal, state, county and city governments are acting under an unconstitutional statute and that the signators of the documents have a duty and right to protect and defend the United States Constitution and the Constitution of the State of North Dakota. The documents further provide that the signators have established a posse comitatus for the purpose of maintaining a Republican form of government. The signators further resolved that because the Cass County Sheriff has not upheld his oath of office, they will be armed and have the lawful right to arrest without a warrant. At the hearing before this court, defendant Hart explained that the posse was formed to gain information for the grand juries that the signators intend to organize.[3]

---

2. The audits appear to have been prompted by reports to the IRS by the Fargo National Bank, under 31 C.F.R. § 103.22 disclosing that Hart, within a two week period in October and November 1979, made currency transactions at the bank in the amounts of $15,936.14, $30,-202.86 and $39,592.00.

3. Black's Law Dictionary 1324 (rev. 4th ed. 1968) defines "posse comitatus" as "[t]he power or force of the county. The entire population of a county above the age of fifteen, which a sheriff may summon to his assistance in certain cases; as to aid him in keeping the peace,

■ Plaintiffs Booth, Roller and Shandony have had no personal or private relationship or contacts of any nature with defendant Douglas M. Hart, and are not now and never have been indebted to him on any monetary or other obligation. The only contact which plaintiffs Gary O. Booth, Richard D. Roller and Barbara A. Shandony have had with defendant Douglas M. Hart has arisen out of the performance of their duties in their positions as employees of the Internal Revenue Service of the United States. The documents recorded by defendant Hart and indexed against the real property of the individual plaintiffs were filed to harass Booth, Roller and Shandony, and with the intent to falsely encumber their real property. Defendant Hart's acts threaten substantial interference with the administration and enforcement of the internal revenue laws and are calculated to molest, interrupt, hinder and impede officials of the Internal Revenue Service in the good faith performance of their official duties as employees of the government of the United States.

The court concludes that it has jurisdiction in the case. The so called "common law liens" and "Sheriff's Posse Comitatus

Common Law Great Charter" are void and of no legal effect. Plaintiffs are entitled to declaratory and injunctive relief.

■ The jurisdiction of this court over this action is clear. Article III, Section 1 of the Constitution of the United States provides "[t]he judicial power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Section 2 provides "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States . . . .," U.S.Const., art. III, § 2. The Sixteenth Amendment further provides, "[t]he Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S.Const.Amend. 16. The Congress of the United States has enacted laws granting the court jurisdiction, to include, 26 U.S.C. § 7402 (Internal Revenue Code Section providing for district court jurisdiction),[4] 28 U.S.C. § 1340 (district court original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue),[5] 28 U.S.C.

in pursuing and arresting felons, etc." The "Bill of Particulars" was not filed with the court by the parties. The court takes judicial notice that it is a part of the recorded "charter." The court has obtained a copy which is made a part of the record.

4. 26 U.S.C. § 7402 provides in pertinent part:
(a) To issue orders, processes, and judgments.—The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

. . . . .

(c) For damages to United States officers or employees.—Any officer or employee of the United States acting under authority of this title, or any person acting under or by authority of any such officer or employee,

receiving any injury to his person or property in the discharge of his duty shall be entitled to maintain an action for damages therefor, in the district court of the United States, in the district wherein the party doing the injury may reside or shall be found.

. . . . .

(f) General jurisdiction.—For general jurisdiction of the district courts of the United States in civil actions involving internal revenue, see section 1340 of title 28 of the United States Code.
*Id.* See also *United States v. Landsberger,* 692 F.2d 501 (8th Cir. 1982) (Court upheld summary judgment and permanent injunction against taxpayers whose conduct was deemed to substantially interfere with the proper administration of tax laws).

5. 28 U.S.C. § 1340 provides:
"[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." *Id.*

§ 1345 (United States as plaintiff),[6] and 28 U.S.C. § 1357 (injuries under federal laws).[7]

■ Hart argues that the United States lacks standing to assert jurisdiction and therefore is not a proper party to this action. Under the facts of this case, the suggestion is frivolous. *See In re Debs*, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); *see generally* C. Wright & A. Miller, Federal Practice and Procedure § 3651–3653 (1976). Hart also claims lack of personal jurisdiction. He argues that as a private citizen he is a sovereign and immune from suit. This argument is also frivolous. *See United States v. Fahey*, 614 F.2d 690 (10th Cir.) (per curiam), *cert. denied*, 449 U.S. 822, 101 S.Ct. 82, 66 L.Ed.2d 25 (1980) (taxpayer's argument that the United States government is without authority under the constitution to bring civil actions against citizens is frivolous, *supra* at 691).

■ Hart argued that the liens were filed as a form of notice of a demand, which in effect would be the same as a complaint filed under modern rules of pleading. He contends that because the liens were filed under common law their validity must be ascertained in a court of law rather than in equity. These arguments are patently frivolous. Pleadings in civil actions are governed by rules of procedure in both federal and state courts. North Dakota has adopted a comprehensive body of statutory lien laws which appear to have preempted all liens at common law,[8] *see* Title 35, North Dakota Century Code. If the court were to assume, *arguendo*, that a common law lien may yet exist in North Dakota, it is clear that the "liens" filed by Hart would not have arisen under common law.[9] Case law cited by Hart in support of his theory is inapposite, *see Drummond Carriage Co. v. Mills*, 54 Neb. 417, 74 N.W. 966 (1898) (common law lien recognized for buggy in possession of repairman); *McMahon v. Lundin*, 57 Minn. 84, 58 N.W. 827 (1894) (seed grain lien created by statute and contract).

■ It is also clear that under North Dakota law there exists no authority entitling Hart or those acting in concert with him, to file the so called "charter" in the office of a county register of deeds. Furthermore, the charter, as it purports to establish a posse comitatus, is invalid. Although it is recognized under North Dakota law that a private person may have authority to make certain types of arrests,[10] no authority exists permitting a private person to organize a posse.[11] Likewise, under common law, the right to organize a posse was limited to the county sheriff.[12]

Viewing the facts in the light most favorable to the defendants, the court holds there is no genuine issue as to any material fact.

---

**6.** 28 U.S.C. § 1345 provides as follows: "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." *Id.*

**7.** 28 U.S.C. § 1357 provides: The district courts shall have original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State.

**8.** N.D.Cent.Code § 1–01–06 provides "there is no common law in any case where the law is declared by the code."

**9.** A common law lien is generally defined as the right of one person to retain in his possession that which belongs to another until certain demands of the person in possession are satisfied. Liens which have been recognized at common law are in favor of such persons as innkeepers, farriers, carriers, and warehousemen, *see* 51 Am.Jur.2d § 20 Common Law Liens; Black's Law Dictionary 346 (rev. 4th ed. 1968).

**10.** *See* N.D.Cent.Code §§ 29–06–02, 29–06–20, 29–06–21, 29–06–22, 29–06–23.

**11.** *See* N.D.Cent.Code §§ 29–05–21 and 29–06–03 (officer may summon assistance); *see also* *supra* n.8.

**12.** *See supra* n.3.

IT IS ORDERED that judgment be entered declaring the "lien" document filed in the office of the Register of Deeds of Richland County, North Dakota, on April 30, 1982, and recorded as Document No. 234435 and indexed against the following described real estate owned or previously owned by plaintiff Barbara A. Shandony and/or her husband Michael Shandony:

*Parcel No. 1:*

Lots numbered One (1) and Two (2) in Block numbered Six (6) of the Original Townsite of the City of Christine, Richland County, North Dakota, according to the plat thereof recorded in the Register of Deed's Office.

*Parcel No. 2:*

Lots numbered 13 and 14 in Block numbered 12 of the Original Townsite of the City of Christine, Richland County, North Dakota, according to the certified plat thereof.

AND the "lien" document filed in the office of the Register of Deeds of Cass County, North Dakota, on May 3, 1982 and recorded in Book 676 of Mortgages, pages 193 and 194 as Document No. 587288 and indexed against the following described real estate owned by plaintiff Richard D. Roller and his wife Judy A. Roller:

Lot Twenty-two (22) and the North (N) Twenty-five (25) feet of Lot Twenty-three (23) in Block Two (2), in Schonberg's Addition to the City of Fargo, County of Cass, and State of North Dakota.

AND the "lien" document filed in the office of the Register of Deeds of Cass County, North Dakota, on May 3, 1982, and recorded in Book 676 of Mortgages, pages 195 and 196 as Document No. 587289 and indexed against the following described real estate owned by plaintiff Gary O. Booth and his wife Martha K. Booth:

Lot 20, Block 2, in Prairiewood Addition to the City of Fargo, situate in the County of Cass, and the State of North Dakota.

AND the document entitled "Sheriff's Posse Comitatus Common Law Great Charter" filed in the office of the Register of Deeds of Cass County, North Dakota, on May 14, 1982 and recorded in Book E-9 of Misc. on pages 2–9; ARE all fraudulent, void, and of no force or effect.

IT IS FURTHER ORDERED that judgment be entered permanently enjoining Douglas M. Hart and all others in active concert or participation with him from making arrests of or otherwise attempting to molest, interrupt, hinder or impede any federal, state, county, or municipal official in the performance of their official duties.

IT IS FURTHER ORDERED that a certified copy of the judgment herein be recorded in the office of the Register of Deeds for Richland and Cass Counties, and indexed against the real property of plaintiffs Gary O. Booth, Richard D. Roller and Barbara A. Shandony described herein.