COLUMBUS FEDERAL SAVINGS & LOAN ASSOCIATION, A NEBRASKA CORPORATION, APPELLEE, V. SWAILS CONSTRUCTION COMPANY, INC., ET AL., APPELLEES, TONY METCALF ET AL., APPELLANTS.

338 N.W.2d 593

Filed September 23, 1983. No. 82-472.

R. Kent Radke of Badami and Radke, for appellants.

David M. Geier of Bauer, Galter & Geier, for appellee Columbus Federal.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

BOSLAUGH, J.

This action was commenced to foreclose a real es-

tate mortgage on Lot 14, Block 1, Briarhurst West Second Addition to the City of Lincoln, Nebraska. The defendant Tony Metcalf claimed a mechanic's lien for labor and materials supplied to the property. The trial court found that the plaintiff's mortgage lien was valid and inferior only to a mechanic's lien in favor of John L. Hoppe Lumber Company. Liens in favor of Yankee Hill Brick Manufacturing Company and Aksarben Trane Heating & Air Conditioning Company were found to be inferior to the mortgage lien of the plaintiff.

The defendant Metcalf has appealed. The only issue on appeal is whether the claimed lien of Metcalf was valid.

The record shows that the property was owned by Swails Construction Company. In 1980 Swails desired to build a house upon the property and obtained a mortgage loan from the plaintiff to finance the construction. Metcalf was an employee of Swails, and Swails and Metcalf entered into an agreement that Metcalf could purchase the completed residence from Swails for cost plus 5 percent. It was further agreed that Metcalf could perform labor upon the property and supply materials, and Metcalf would be compensated as a subcontractor at the time the property was sold, whether Metcalf or some other person was the purchaser.

On April 29, 1980, Metcalf and Swails signed a written purchase agreement in which Metcalf agreed to buy the property from Swails for $65,000. This agreement was used to obtain the loan from the plaintiff. The plaintiff had refused to make a customary construction loan on the property but agreed to make the loan as a conventional 30-year loan with the understanding that the house had been presold to Metcalf.

Sometime early in July 1980, and after construction had commenced, Swails and Metcalf entered into an agreement that Metcalf would not be

"forced" to purchase the property. This agreement was never disclosed to the plaintiff.

Metcalf moved into the property in January 1981 pursuant to an agreement with Swails that Metcalf would pay the mortgage payments directly to the plaintiff as rent for the property. Metcalf made only two or three such payments and has paid nothing since then. This action was commenced August 10, 1981.

A lien claimant has the burden to establish the validity and amount of his lien. *Chicago Lumber Co. v. Horner*, 210 Neb. 833, 317 N.W.2d 87 (1982). A mechanic's lien is statutory, and a lien claimant must bring himself within the terms of the statute to establish a lien. *Ideal Basic Industries, Inc. v. Juniata Farmers Coop. Assn.*, 205 Neb. 611, 289 N.W.2d 192 (1980).

The foundation for a mechanic's lien is a contract or agreement with the owner of the property. See Neb. Rev. Stat. §§ 52-101, 52-102 (Reissue 1978) (now repealed). Under the facts in this case Metcalf was the equitable owner of the property and was not entitled to assert a lien on the property as against the plaintiff. He cannot now claim as a subcontractor and establish a lien on the property superior to that of the plaintiff.

The judgment of the District Court was correct and it is affirmed.

AFFIRMED.