**UNITED STATES of America, Plaintiff,**

**v.**

**Vance E. KNUDSON, Defendant.**

**No. 4:CV96–3275.**

United States District Court,
D. Nebraska.

April 8, 1997.

Robert D. Metcalfe, Trial Attorney, U.S. Department of Justice, Tax Division, Washington, DC, Sally R. Johnson, Assistant United Stated Attorney, Lincoln, NE, for Plaintiff.

Vance E. Knudson, pro se.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This is a civil action brought by the United States of America, seeking declaratory and injunctive relief pursuant to 26 U.S.C. §§ 7401 and 7402. Plaintiff's claim arises out of the actions of defendant, Vance E. Knudson, for recording a "common law lien,"[1] entitled the "Claim of Commercial Lien and Affidavit," against the real and movable property of three named individuals who are employees of the Internal Revenue Service of the United States (hereinafter IRS).

Pending before the court is Plaintiff's Rule 56 motion for summary judgment. (Filing 4.) I shall grant Plaintiff's motion and will declare the "Claim of Commercial Lien and Affidavit," recorded by Defendant, to be null, void, and without legal effect. I will also enjoin Defendant from publishing, filing, or recording any "Claim of Commercial Lien and Affidavit" or other such common law lien or other document designed to encumber or cloud title to the property of any officer or employee of the IRS as a means to harass, hinder, or impede them in performance of their official duties.

I shall also order Defendant to pay Plaintiff's reasonable attorney fees for Plaintiff's trial preparation due to Defendant's failure to respond to Magistrate Judge Piester's order to show cause (filing 13) why Defendant should not be subjected to sanctions requiring him to pay such fees after Defendant failed to participate in the development of a discovery plan for this action.

---

**1.** The court in *United States v. Hart* defined a common law lien as

> [t]he right of one person to retain in his possession that which belongs to another until certain demands of the person in possession are satisfied. Liens which have been recognized at common law are in favor of such persons as innkeepers, farriers, carriers, and warehousemen, *see* 51 Am.Jur.2d § 20 Common Law Liens; Black's Law Dictionary 346 (rev. 4th ed.1968).

*United States v. Hart*, 545 F.Supp. 470, 474 n. 9 (D.N.D.1982), *aff'd*, 701 F.2d 749 (8th Cir.1983).

## I. FACTUAL BACKGROUND

The undisputed facts are found in the briefs submitted by the parties:

1. On or about September 15, 1992, the defendant, Vance E. Knudson, caused to be recorded in the public records of Clay County, Nebraska, a document entitled:

A SECURITY (15 USC) *CLAIM OF COMMERCIAL LIEN AND AFFIDAVIT* TO GUARANTEE BOND ON SPECIFIC PERFORMANCE OF ALL PUBLIC OFFICIALS, OFFICERS OF THE COURT, AND TITLE INSURANCE COMPANIES CONNECTED WITH THIS CAUSE OF ACTION CONSISTING OF I.R.S. CLAIM NO. DOCKET NO. CASE # FY 91–64, 8:CV91–00197.

(Filing 1, Ex. A; Filing 5, Ex. 1.) This document was recorded by the Clay County Clerk on September 15, 1992, in book 36 of misc. on page 02 as a lien intended to "seize all the real and movable property" of the following IRS employees: James A. Grant, Randall K. Smith, and Michael Ponte. (*Id.*)

2. At all times relevant to this action, James A. Grant was the district Director of Internal Revenue in Omaha, Nebraska. (Filing 6, ¶¶ 1–2.)

3. James A. Grant is aware of the "Commercial Lien and Affidavit" described in paragraph 1 which purports to encumber all of his real and movable property. (Filing 6, ¶ 4.)

4. The recording of the "Claim of Commercial Lien and Affidavit" described in paragraph 1 has caused James A. Grant to experience distress and anxiety. (*Id.*) Mr. Grant is concerned that the "Claim of Commercial Lien and Affidavit" filed against him by Defendant will interfere with Mr. Grant's ability to enjoy and convey his property, and may permanently damage his credit rating in Nebraska and throughout the United States. (*Id.*)

5. Defendant learned of the identity of James A. Grant from seeing the name "James A. Grant" or a mechanically reproduced signature on official correspondence or forms. (*Id.* at ¶ 5).

6. At all times relevant to this action, Randall K. Smith was a Group Manager of a Revenue Officer Group with the IRS in Omaha, Nebraska. (Filing 7, ¶¶ 1 & 2.)

7. Randall K. Smith is aware of the "Commercial Lien and Affidavit" described in paragraph 1, which purports to encumber all of his real and movable property. (*Id.* at ¶ 4.)

8. The recording of the "Claim of Commercial Lien and Affidavit" described in paragraph 1 has caused Randall K. Smith to experience distress and anxiety. (*Id.*) Mr. Smith is concerned that the "Claim of Commercial Lien and Affidavit" filed against him by Defendant will interfere with Mr. Smith's ability to enjoy and convey his property and may permanently damage his credit rating in Nebraska and throughout the United States. (*Id.*)

9. Defendant learned of the identity of Randall K. Smith from seeing the name of Randall K. Smith on official correspondence which Mr. Smith would have executed in the ordinary course and scope of his employment with the IRS. (*Id.* at ¶ 5.)

10. At all times relevant to this action, Michael Ponte was a Revenue Officer with the IRS. (Filing 8, ¶¶ 1 & 2.)

11. Michael Ponte is aware of the "Commercial Lien and Affidavit" described in paragraph 1 which purports to encumber all of his real and movable property. (*Id.* at ¶ 4.)

12. The recording of the "Claim of Commercial Lien and Affidavit" described in paragraph 1 has caused Michael Ponte to experience distress and anxiety. (*Id.*) Mr. Ponte is concerned that the "Claim of Commercial Lien and Affidavit" filed against him by Defendant will interfere with Mr. Ponte's ability to enjoy and convey his property, and may permanently damage his credit rating in Nebraska and throughout the United States. (*Id.*)

13. Defendant learned of the identity of Michael Ponte from seeing the name of Michael Ponte on official correspondence which Mr. Ponte would have executed in the ordinary course and scope of his employment with the IRS. (*Id.* at ¶ 5.)

14. James A. Grant, Randall K. Smith, and Michael Ponte, as officers and employees of the IRS, are not personally acquainted with Defendant and have not personally had any contact or relationship with Defendant other than in their official capacities. (Filing 6, ¶ 3; Filing 7, ¶ 3; Filing 8, ¶ 3.)

15. The "Claim of Commercial Lien and Affidavit" was filed by Defendant against James A. Grant, Randall K. Smith, and Michael Ponte in retaliation for acts performed by them as part of their official IRS offices, under their authority as IRS officers, or under the direction of officers of the United States of America. (Filing 3, ¶ 6.)

16. Plaintiff stated in its complaint that the "Claim of Commercial Lien and Affidavit" was filed by Defendant and against the above-named IRS employees in retaliation for acts performed by them as part of their official offices, under their authority as officers or under the direction of officers of the United States of America. (Filing 1, ¶ 1.)

## II. DISCUSSION

Defendant argues this court (1) lacks jurisdiction over this claim and over Defendant personally; (2) lacks authority to declare the "Claim of Commercial Lien and Affidavit" null, void, and without legal effect; and (3) lacks authority to grant an injunction preventing Defendant from recording common law liens against federal employees in the future. (Filing 3 at 1–15; Def.'s Br.[2] at 1–6.) I will discuss each of Defendant's arguments in turn.

### A. Standard of Review

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.,* 23 F.3d 1444, 1446 (8th Cir.), *cert. denied,* 513 U.S. 929, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994). In passing upon a mo-

tion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Vette Co. v. Aetna Casualty & Surety Co.,* 612 F.2d 1076, 1077 (8th Cir.1980). *See also Reierson v. Resolution Trust Corp.,* 16 F.3d 889, 891 (8th Cir.1994).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with " 'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.' " *Moody v. St. Charles County,* 23 F.3d 1410, 1412 (8th Cir.1994) (quoting *Gregory v. Rogers,* 974 F.2d 1006, 1010 (8th Cir.1992), *cert. denied,* 507 U.S. 913, 113 S.Ct. 1265, 122 L.Ed.2d 661 (1993)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the

---

**2.** Defendant submitted a document entitled *"A TRUE BILL"* which I will construe to be a brief in support of his motion for summary judgment.

nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### B. Jurisdiction and Procedure

Defendant argues that this court lacks jurisdiction over this claim or Defendant personally. (Filing 3 at 1–15; Def.'s Br. at 1–6.) In short, Defendant claims (1) the federal government lacks jurisdiction to act outside of Washington, D.C., and within the state of Nebraska; (2) Defendant is a sovereign citizen who is not amenable to suit in this court; (3) venue is improper; and (4) the complaint and summons are deficient because they were not executed or served by an "authorized officer of the executive branch of the County Government within the Sovereign Nation of Nebraska." (Filing 3 at 1–15; Def's Br. at 1–6.) I disagree.

#### 1. Subject Matter Jurisdiction

■ This court has authority to exercise jurisdiction over this action. The Constitution of the United States provides "[t]he judicial power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress shall from time to time ordain and establish." U.S. Const., art. III, § 1; *United States v. Hart,* 545 F.Supp. 470, 473 (D.N.D.1982), *aff'd,* 701 F.2d 749 (8th Cir.1983). Further, "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States." U.S. Const., art. III, § 2; *Hart,* 545 F.Supp. at 473.

■ The Constitution of the United States grants to Congress authority to "lay and collect taxes on incomes." U.S. Const. amend. XVI; *Hart,* 545 F.Supp. at 473. In order to facilitate the collection of taxes, Congress has enacted laws conferring jurisdiction on United States district courts.

Congress has further authorized federal district courts to make and issue writs and injunctions as well as other orders, processes, and judgments "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a) (1989). *See also* 28 U.S.C. §§ 1340, 1345 & 1357; *Hart,* 545 F.Supp. at 473. Congress has provided that

> [a]ny officer or employee of the United States acting under authority of this title ... receiving any injury to his person or property in the discharge of his duty shall be entitled to maintain an action for damages therefore, in the district court of the United States, in the district wherein the party doing the injury may reside or shall be found.

26 U.S.C. § 7402(c); *Hart,* 545 F.Supp. at 473 n. 4.

The Eighth Circuit Court of Appeals ruled in *United States v. Hart,* 701 F.2d 749 (8th Cir.1983), that United States District Courts have jurisdiction under 28 U.S.C. §§ 7401 and 7402 when the United States brings suit seeking declaratory and injunctive relief against a defendant who records common law liens against IRS employees' personal property. *Hart,* 701 F.2d at 750 (also holding that the appeal was frivolous and granting reasonable attorney fees and imposing upon the defendant personally double the costs of plaintiff's fees).

#### 2. Personal Jurisdiction

Defendant also argues this court lacks jurisdiction over him because, as a private citizen, Defendant claims he is sovereign and immune from suits brought by the federal government. This argument is frivolous and without merit. *Hart,* 701 F.2d at 750. I hold Defendant, as a resident of Hastings, Nebraska,[3] is amenable to actions brought in the United States District Court for the District of Nebraska.

---

3. Defendant has not argued that he does not reside in Hastings, Nebraska. In fact, Defendant has acknowledged receipt of documents served upon him personally at an address in Hastings, Nebraska. (Filing 3.) Defendant argues instead that federal jurisdiction exists only in Washington, D.C., and not in the state of Nebraska because the state of Nebraska is "sovereign." (Filing 3, Def.'s Br. at 1–6.)

### 3. Venue

Venue is also proper pursuant to 28 U.S.C. §§ 1391(a)-(b) and 1396. In order for venue to be proper, the claim must be brought in the judicial district where Defendant resides or where the conduct giving rise to the cause of action occurred. 28 U.S.C. §§ 1391(a)-(b). Defendant clearly resides in Hastings, Nebraska, which sits in the judicial district for the District of Nebraska. Further, Defendant filed the "Claim of Commercial Lien and Affidavit" in Clay County, Nebraska, which is within the judicial district of Nebraska. It is the recording of this so-called "Claim of Commercial Lien and Affidavit" that is the subject of this cause of action. Plaintiff has properly filed suit in the District Court for the District of Nebraska. Therefore, I hold that venue is proper.

### 4. Deficiency of Complaint and Summons

Further, Defendant claims the complaint and summons are somehow deficient because they were not executed or served by an "authorized officer of the executive branch of the County Government within the sovereign Nation of Nebraska." (Filing 3 at 4.) This argument is entirely without merit. Plaintiff delivered notice of summons to Defendant's last-known address and delivered and served the summons personally upon Defendant in compliance with Rule 4 of the Federal Rules of Civil Procedure. (Filing 2.) Therefore, I hold service of summons was proper and Defendant had proper notice of this action.

### 5. Summary

Based on Constitutional and federal statutory authority and Eighth Circuit precedent, I hold that (1) this court has proper subject matter jurisdiction over this claim; (2) Defendant is subject to personal jurisdiction in this court; (3) venue is proper; and (4) service of the complaint and summons was effective.

### C. Declaratory Relief

Defendant also asserts that this court lacks authority to issue declaratory relief and find the "Claim of Commercial Lien and Affi-

davit" null, void, and without legal effect. I disagree.

Under Nebraska law, there is no authority entitling Defendant to file the so-called "Claim of Commercial Lien and Affidavit." In Nebraska, " '[a]ll liens are created by law or contract, and to establish [a]lien the contract must be made with [the] owner of property on which the lien is sought to be imposed.' " ' *Allied Investment Co. v. Shaneyfelt,* 161 Neb. 840, 845–46, 74 N.W.2d 723, 726 (1956) (quoting *General Motors Acceptance Corp. v. Sutherland,* 122 Neb. 720, 241 N.W. 281, 284 (1932)). An equitable lien, on the other hand, " 'is a right, not recognized at law, to have a fund or specific property, or its proceeds, applied in whole or in part to the payment of a particular debt or class of debts.' " *Schroeder v. Ely,* 161 Neb. 252, 262, 73 N.W.2d 165, 171 (1955) (internal citations omitted). An equitable lien may be created by contract or " 'it may arise by implication from the relations and dealings of the parties whose interests are involved.' " *Id.*

Defendant's "Claim of Commercial Lien and Affidavit" makes no reference to a contract between Defendant and the named IRS employees. (Filing 1, Ex. A; Filing 5, Ex. 1.) There is also no cognizable debt to serve as the basis of a lien. Defendant offers no other law which could create either a statutory or common law lien by operation of law. *Bishop v. Hotovy,* 222 Neb. 623, 627–28, 385 N.W.2d 901, 904 (1986) ("A person claiming the existence of a lien has the burden of [proof]") (citing *Columbus Fed. S. & L. Assn. v. Swails Constr. Co.,* 215 Neb. 287, 338 N.W.2d 593 (1983)).

I conclude that there is no legal authority to support the filing of Defendant's "Claim of Commercial Lien and Affidavit." Defendant, as nonmoving party, has simply failed to offer any proof that the common law lien recorded against the IRS employees has any legal effect.

Instead, it is clear that Defendant's actions constitute an extreme and unjustified form of tax protest. Defendant admits that he filed the "Claim of Commercial Lien and Affidavit" in retaliation for actions taken by the IRS and carried out by the named IRS em-

ployees. (Filing 3, ¶ 6.) This form of tax protest is nothing more than an effort to harass IRS employees in their personal and professional capacities and deter them from carrying out their official responsibilities. All the evidence in the record indicates that Defendant's actions were designed to frustrate the IRS and its employees in lawful tax collection. (*Id.*; Def.'s Br. 1–6.) Each of the employees has testified that the liens interfere with their abilities to enjoy and convey their property and threaten their credit ratings, thus resulting in distress and anxiety. (Filing 6, ¶ 4; Filing 7, ¶ 4; Filing 8, ¶ 4.)

I therefore conclude that the "Claim of Commercial Lien and Affidavit" filed by Defendant is null, void, and without legal effect. This is consistent with the position taken by other federal courts on this issue. *United States v. MacElvain,* 858 F.Supp. 1096, 1100 (M.D.Ala.1994) ("Every court to consider the validity of these documents has found them to be without basis") (citing cases), *aff'd,* 68 F.3d 486 (11th Cir.1995). *See also Hart,* 545 F.Supp. at 474–75 (holding that common law liens were not recognized under state law in North Dakota and declared the liens to be null, void, and without legal effect).

To summarize, Defendant, as the nonmoving party, has completely failed to offer any evidence as proof that the "Claim of Commercial Lien" is of any legal consequence. Therefore, Plaintiff is entitled to a judgment as a matter of law. Because the "Claim of Commercial Lien and Affidavit" is without legal or factual basis, I declare the Defendant's "Claim of Commercial Lien and Affidavit" is null, void, and without legal effect.

I further hold that a copy of the judgment herein, should be recorded in the office of the Register of Deeds for Clay County and indexed against the real and personal property of James A. Grant, Randall K. Smith, and Michael Ponte.

### D. Injunctive Relief

Plaintiff requests injunctive relief to prevent Defendant from recording similar "common law liens" against the named and other potential IRS employees for the purpose of intentionally harassing, molesting, hindering, or impeding the government employees in discharging their official duties to collect federal taxes.

■ The Eighth Circuit Court of Appeals has outlined four factors I must consider to determine whether preliminary injunctive relief is proper: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the Plaintiff should an injunction be denied and the injury to Defendant should an injunction be granted; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. CL Systems, Inc.,* 640 F.2d 109, 113 (8th Cir.1981) (en banc). The standard outlined in *Dataphase* is applicable to issuance of a permanent injunction except that Plaintiff "must show actual success on the merits" rather than probable success on the merits. *Fogie v. THORN Americas, Inc.,* 95 F.3d 645, 654 (8th Cir.1996) (citing *Amoco Prod. Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 1404 n. 12, 94 L.Ed.2d 542, (1987)), *petition for cert. filed,* 65 USLW 3571 (U.S. Feb. 4, 1997) (No. 96–1233). I will consider each factor in turn.

#### 1. Irreparable Harm

■ Plaintiff asserts that irreparable harm exists because (1) the recording of "common law liens" against the individual IRS employees has caused them personal distress by potentially clouding title to real property owned by the employees and damaging their credit ratings, and (2) the recording of such liens will interrupt, hinder, and impede the employees in discharging their official duties to collect federal taxes. (Pl.'s Br. at 15.) I agree.

Defendant states in the "Claim of Commercial Lien and Affidavit" that the IRS employees "are being liened for a minimum of $350,000 each." (Filing 1, Ex. A; Filing 5, Ex 1.) Having such a document filed against their property threatens to cloud title to the property owned by the IRS employees James A. Grant, Randall K. Smith, and Michael Ponte, and the liens filed against that property may interfere with their ability to convey any of their property. Further, the lien may threaten each of the IRS employee's credit ratings which could result in future difficulties in purchasing property.

In addition, the recording of such common law liens by Defendant will interrupt, hinder, and impede the IRS employees in discharging their official duties to collect taxes. All the evidence in the record indicates that Defendant's actions were designed to frustrate the IRS and its employees in lawful tax collection. (Filing 3, ¶ 6; Def.'s Br. at 1–6.) It is clear that Defendant filed the "Claim of Commercial Lien and Affidavit" as a form of tax protest in retaliation for actions taken by the IRS and carried out by the named IRS employees. This form of tax protest is nothing more than an effort to harass IRS employees in their personal and professional capacities and, if Defendant is allowed to continue the filing of such liens, Defendant will deter the IRS employees from carrying out their official responsibilities for fear of being subject to such liens.

I conclude that the "Claim of Commercial Lien and Affidavit" or any similar documents purporting to create a lien against IRS employees' property threatens irreparable harm to Plaintiff.

**2. Balance of Harms**

■ In balancing the harm to the government if injunctive relief is denied against the harm to the Defendant if the injunction is granted, the weight of the balance clearly favors granting Plaintiff's requested relief.

First, Defendant's recording of a common law lien on IRS employees' property is an extreme tax protest attempt. IRS employees cannot fear that tax-payers will retaliate for unwanted, but legally required, tax collection by placing liens on IRS employees' property. IRS employees need to be free from such retaliation in order to carry out their official duties on behalf of the government. If Plaintiff's request is denied, the IRS certainly will be hindered in its effort to collect taxes and to carry out other responsibilities as set forth by Congress.

On the other side of the scale, Defendant's "Claim of Commercial Lien and Affidavit" is neither enforceable by contract nor recorded in an effort to collect a legally recognized debt. Therefore, I concluded in Section II–C of this opinion that the liens are without factual or legal basis and therefore are without legal consequence. As the liens are without legal effect, Defendant will suffer no legal harm if he is enjoined from filing similar common law liens against federal employees in the future.

As Plaintiff's official duties will be hindered if an injunction is denied and Defendant will suffer no legal harm should an injunction be granted, I conclude that the balance of harms overwhelmingly weighs in favor of granting Plaintiff's requested relief.

**3. Success on the Merits**

Because Plaintiff is seeking a permanent injunction, Plaintiff must succeed on the merits of its case. *Fogie,* 95 F.3d at 654 (citing *Amoco Production Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 1404 n. 12, 94 L.Ed.2d 542 (1987)). As I have determined in sections II–A and II–B, above, this court has jurisdiction to dispose of this claim and the "Claim of Commercial Lien and Affidavit" is null, void, and without legal effect. Plaintiff, therefore, has succeeded on the merits of the claim. Therefore, the third prong of the *Dataphase* test is satisfied.

**4. The Public Interest**

■ Denying Plaintiff's request to enjoin Defendant from filing documents intended to encumber government employees' property will serve no public interest. Rather, there is a strong public interest in assuring the proper and efficient functioning of the government. This includes the fair administration of federal tax laws and the proper and efficient collection of taxes to support the federal government and its programs and policies. Moreover, it is in the public interest that the federal courts uphold federal law and assure the proper functioning of government.

Given the public's interest in the judicial process, the fair administration of the federal tax laws, and the prevention of abuse and harassment of government employees, it is in the interest of the public that Plaintiff's motion for permanent injunction be granted.

**5. Summary**

In summary, Plaintiff's request for an injunction prohibiting Defendant from recording the "Claim of Commercial Lien and Affi-

davit" or other such documents intended to cloud title to IRS employee's property meets the *Dataphase* test. First, the recording of such documents threatens irreparable harm because Plaintiff will be inhibited in carrying out its official function and title to individual IRS agents' property may be clouded. Second, the balance of harm weighs in favor of granting an injunction as requested by Plaintiff, as Plaintiff's efforts in carrying out its mandated duties will be frustrated if denied relief and Defendant will suffer no legal harm if enjoined from filing similar documents in the future. Third, Plaintiff has succeeded on the merits of this case. Fourth, it is in the public interest to grant an injunction to assure proper functioning of the IRS.

Therefore, I shall enjoin Defendant from publishing, filing, or recording any "Claim of Commercial Lien and Affidavit" or other such common law lien or other document designed to encumber the property of, or cloud title to the property of, any officer or employee of the Internal Revenue Service as a means to harass, hinder, or impede them in the performance of their duties in enforcing the internal revenue laws of the United States.

### E. Failure to Participate in Good Faith in Development of Discovery

Rule 26(f) of the Federal Rules of Civil Procedure requires both Plaintiff and Defendant to take certain steps in preparing this case for trial. When a party "fails to participate in good faith in the development and submission of proposed discovery plan as required by Rule 26(f), the court may, after opportunity for hearing, require such party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." Fed.R.Civ.P. 37(g).

Plaintiff filed with this court "Plaintiff's Return to Order to Show Cause," and Magistrate Judge Piester ordered Defendant to show cause why he should not be subjected to such a sanction for his failure to participate in the development of a discovery plan for this action. (Filing 13.) Defendant was also given the option of requesting a hearing on the matter. (*Id.*) Magistrate Judge Pies-ter gave Defendant until January 19, 1997, to show cause why sanctions should not be imposed, stating that in the absence of such showing, Judge Piester would order Defendant to pay Plaintiff's reasonable expenses, including attorney's fees. (*Id.*)

Defendant has failed to respond to the order. Imposition of Plaintiff's reasonable expenses, including attorney's fees, is therefore appropriate. Plaintiff testified the total amount of expenses occasioned by Defendant's failure to participate in the formulation of a discovery plan amounted to $208.82 for two hours of work at $104.41 per hour. (Filing 15, ¶ 8.) Therefore, I shall order Defendant to pay to Plaintiff $208.82 for Plaintiff's reasonable expenses, including attorney's fees, caused by Defendant's failure to participate in the formulation of a discovery plan in this action.

### III. CONCLUSION

Viewing the facts in the light most favorable to Defendant, I hold that Plaintiff's motion for summary judgment is granted.

First, this court has jurisdiction over Plaintiff's claim and over the Defendant. Venue is proper and service of the complaint and summons on Defendant was effective. Defendant's allegations to the contrary are supported only by fanciful evidence with no basis in law or fact and insufficient to avoid the entry of summary judgment against Defendant.

Second, as there is no legal basis for Defendant's recording of the "Claim of Commercial Lien and Affidavit" against the property of the named IRS employees, I declare the "Claim of Commercial Lien and Affidavit" to be null, void, and without legal effect. Thus, Plaintiff must prevail on the motion as a matter of law.

Third, an injunction prohibiting Defendant from filing common law liens against IRS employees is appropriate. To hold otherwise would threaten irreparable harm to Plaintiff in performing its official duties and Defendant will suffer no legal harm because any such common law lien is without legal basis. Plaintiff has succeeded on the merits of this case and it is in the public interest to enjoin

Defendant from harassing or impeding the government in its official capacity.

Finally, Defendant is ordered to pay $208.82 to Plaintiff for Plaintiff's reasonable expenses and attorney's fees because of Defendant's failure to participate in the development of a discovery plan for this action.

I therefore conclude that the evidence on the record is "so one-sided" in favor of Plaintiff that Plaintiff must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

Accordingly,

IT IS ORDERED that:

1. Plaintiff's motion for summary judgment (filing 4) is granted;

2. The "Claim of Commercial Lien and Affidavit" filed by Defendant with the Register of Deeds of Clay County, Nebraska, is null, void, and of no legal force or effect and a copy of the judgment herein shall be recorded in the office of the Register of Deeds for Clay County and indexed against the real and personal property of James A. Grant, Randall K. Smith, and Michael Ponte;

3. Defendant is permanently enjoined from publishing, filing, or recording any "Claim of Commercial Lien and Affidavit" or other such common law lien or other document designed to encumber the property of, or cloud title to the property of, any officer or employee of the Internal Revenue Service as a means to harass, hinder, or impede them in the performance of their duties in enforcing the internal revenue laws of the United States;

4. Defendant is ordered to pay to Plaintiff $208.82 for Plaintiff's reasonable expenses, including attorney's fees, caused by Defendant's failure to participate in the formulation of a discovery plan in this action; and

5. This case is dismissed and judgment shall be entered by separate document.

## JUDGMENT

Pursuant to the court's order previously filed in this matter, final judgment is entered for Plaintiff and against Defendant, providing:

1. Plaintiff's motion for summary judgment (filing 4) is granted;

2. The "Claim of Commercial Lien and Affidavit" filed by Defendant with the Register of Deeds of Clay County, Nebraska, is null, void, and of no legal force or effect and a copy of the judgment herein shall be recorded in the office of the Register of Deeds for Clay County and indexed against the real and personal property of James A. Grant, Randall K. Smith, and Michael Ponte;

3. Defendant is permanently enjoined from publishing, filing, or recording any "Claim of Commercial Lien and Affidavit" or other such common law lien or other document designed to encumber the property of, or cloud title to the property of, any officer or employee of the Internal Revenue Service as a means to harass, hinder, or impede them in the performance of their duties in enforcing the internal revenue laws of the United States;

4. Defendant is ordered to pay to Plaintiff $208.82 for Plaintiff's reasonable expenses, including attorney's fees, caused by Defendant's failure to participate in the formulation of a discovery plan in this action; and

5. This case is dismissed.