**James STUBBLEFIELD and Maryland Casualty Company, a Corporation, Appellants,**

v.

**JOHNSON–FAGG, INC., a Corporation, Appellee.**

No. 9172.

United States Court of Appeals
Tenth Circuit.

June 2, 1967.

Gus Rinehart, Oklahoma City, Okl. (Jay B. Stringer, Mt. Vernon, Ill., and David J. Morrison, Oklahoma City, Okl., on brief), for appellants.

William S. Hall, Tulsa, Okl. (Green, Feldman & Hall, Tulsa, Okl. on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellee, an Oklahoma corporation, received an emergency order for Polish Rod Liners from General Oil Field Supply Company, Olney, Illinois. An employee of appellee packaged the liners in a cardboard box, binding the carton with steel straps which were applied by means of an instrument which could be adjusted to vary tension. The carton was shipped to General Oil Field's Store in Mount Vernon, Illinois, and arrived in the same condition as it left appellee's factory. The appellant, General's store manager, had opened many such cartons in the past, and as was his custom, severed the strapping with pliers. One of the straps flew up, struck appellant's eye and blinded it.

Appellant filed a complaint in the Federal District Court for the Northern

District of Oklahoma seeking damages on two theories, negligence and a breach of warranty. Appellee's answer was a general denial and in the alternative alleged contributory negligence.

After considering interrogatories answered by the appellee together with stipulations of fact[1] admitted by both parties, the court granted summary judgment for the appellee. This appeal is from the granting of that judgment, and makes two separate and distinct attacks.

The first ground of attack is that the case was not ripe for summary judgment because additional proof was required to establish whether a negligent degree of tension was placed on the metal band. This assertion is made in spite of the fact that the record indicates that both parties agreed the submitted stipulations contained all provable facts.

Rule 56, F.R.Civ.P., recognizes interrogatories as proper instruments establishing facts as well as their probative value. Zachry v. O'Brien, 378 F.2d 423 (10 Cir., 1967).

■■ This court has not heretofore considered the application of stipulations under Rule 56, F.R.Civ.P., however, the District Court of Kansas considered them in Becker v. Safelite Glass Corporation, Inc., 244 F.Supp. 625, 632 (1965). This Court has said, "The trial court may not disregard the facts stipulated to by the parties or require evidence to support them. [Citations omitted]." United States v. Sommers, 10 Cir., 351 F.2d 354, 357 (1965). We regard them as admissions specifically designated in the rule. The use of interrogatories and stipulations in deciding the motion under Rule 56 was proper. Therefore, all provable facts were established and the case was ripe for summary judgment. Lopez v. Denver &

Rio Grande Western Railroad Co., 277 F.2d 830 (10 Cir. 1960).

The second ground of attack is the court's determination of the law. The reply brief of appellant directs itself exclusively to this matter and argues in terms of products liability.

We recognize the fluid position of the law in the field of products liability.

■■ The theory of recovery based on negligence must be considered in terms of Illinois law because the injury occurred in that state.[2] In its most recent pronouncement, the Illinois court considered the American Law Institute's Restatement of the Law of Torts § 402(a), cited to us in the briefs, and clearly pointed out the rapid development of the law on this subject. It seems clear that Illinois has not adopted an absolute strict liability, but has said, "Such liability does not, of course, make * * * [seller] * * * an absolute insurer. The plaintiffs must prove that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control. See Tiffen v. Great Atlantic and Pacific Tea Co., 18 Ill.2d 48, 162 N.E.2d 406."[3]

The admitted facts establish that similar cartons containing similar products had been shipped and received between the parties on a number of occasions and that the packaging in this specific instance was accomplished in the ordinary method hereinbefore used. There is no indication from the materials before the court that the steel strap or the instrument used to apply it to the package was in a defective condition. Furthermore, there is no indication that this method of packaging is considered unreasonably dangerous.

---

1. A transcript of the proceedings which occurred when the motion was made indicates that the parties agreed the stipulations contained all the available facts.

2. Swearngin v. Sears Roebuck & Co., 376 F.2d 637 (10 Cir. 1967) ; see also 76 A.L. R.2d 135 and the cases cited therein.

3. Suvada v. White Motor Co., 32 Ill.2d 612, 210 N.E.2d 182, 188 (1965).

The ordinary experience of life indicates that tension is always required in this type of packaging if the product is to be securely bound in its container. The experience of the appellant in opening similar packages on other occasions must have taught him that a degree of tension existed.

■ Under the law of the State of Illinois, the type of liability imposed does not make the seller an insurer of the buyer, and appellant has failed to raise the inferences necessary to establish an issue of liability in tort.

■ The warranty theory presented under the pleadings and facts must be considered under Oklahoma law, the place where the sale occurred.[4]

"There is authority to the effect that a retailer of products in containers impliedly warrants the fitness of the product itself, but does not impliedly warrant the fitness of the container." 81 A.L.R.2d 258.

Examining the law of Oklahoma with regard to this particular statement, we find the bottler of products is not an insurer. McAlester Coca-Cola Bottling Company v. Lynch, 280 P.2d 466, 470 (Okl.1955).

■ In view of the prime importance of implied warranty in food and beverage cases as compared to similar warranties charged in cases involving other products, we conclude that in the absence of a specific statement regarding the matter on the part of the Supreme Court of Oklahoma, we are governed by the well established rule of this court, "that we will accept the considered determination of the trial court as to the local law, unless clearly convinced to the contrary." Dallison v. Sears, Roebuck and Co., 313 F.2d 343, 347 (10 Cir. 1962).

We therefore conclude that the trial court did not err in rendering summary judgment for the appellee.

Affirmed.

---

4. 3 Frumer & Friedman, Products Liability §§ 38.02, 38.03 (1966); see also 76 A.L.R.2d 150, and cases cited therein.