**UNITED STATES of America, Appellee,**

v.

**William Harlin WEBB and Storage & Rental Company of Arlington, Inc., a corporation, Appellants.**

**No. 77–1573.**

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1978.

Decided March 30, 1979.

---

Nathan L. Silberberg, Arlington, Va. (Howard B. Silberberg, Arlington, Va., on brief), for appellants.

Philip I. Brennan, Atty., Tax Division, Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Michael L. Paup, Attys., Tax Division, Dept. of Justice, Washington, D. C., Jervis S. Finney, U. S. Atty. and Gerard P. Martin, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

This appeal is from a judgment of the district court in favor of the United States foreclosing a judgment lien upon 86.22 acres of real property located in Charles County, Maryland, and ordering that such property be sold at public auction.[1] The appellants, William H. Webb and Storage & Rental Company of Arlington, Inc., contest that part of the district court's order designating the manner in which the proceeds from the sale of the 86.22 acres should be allocated against the judgment debts owed to the United States.[2]

An understanding of the background of the case is essential. The United States obtained two separate judgments against William H. Webb for unpaid taxes: one judgment was obtained in 1954 in the amount of $140,848.21 plus costs and interest, *United States v. Webb* (Civil Action No. 858, E.D.Va.), and the other judgment was obtained in 1959 in the amount of $57,-

---

1. A public sale was held on May 24, 1977, and the property was sold for the sum of $150,000.

2. The district court ordered that after payment of the fees and other expenses of the foreclosure sale and all real estate property taxes and other claims that were or may become liens on the property within the purview of Internal Revenue Code § 6323(b), the balance of the sale proceeds should be turned over to the United States to be applied to the unpaid tax liabilities of William H. Webb. Thus, the manner in which the proceeds turned over to the United States will be allocated against the judgment debts owed by William H. Webb has been left to the discretion of the United States, not to the discretion of the district court or the taxpayer.

869.45 plus costs and interest, *United States v. Webb* (Civil Action No. 1863, E.D.Va.). It was stipulated that these judgments are liens against the real estate in question, having been filed in the district court in Maryland.

In 1973, the United States filed the present action in the United States District Court for the District of Maryland to foreclose the judgment liens against 86.22 acres of land situated in Charles County, Maryland. In its complaint, the United States alleged that, although the property in question had been transferred to Storage & Rental Company of Arlington, Inc., in 1958, title was held by the Company as agent and/or nominee of William H. Webb, and therefore the property was subject to the judgment liens. Webb and Storage & Rental, in their answer, denied that title to the property was held by Storage & Rental Company of Arlington, Inc., as agent and/or nominee of William H. Webb. Consequently, there was an issue of fact between the parties, the answer to which would determine whether or not the land was subject to the judgment liens.

Prior to the filing of the present action for foreclosure upon the judgment liens obtained by the United States against Webb, the parties had engaged in extensive settlement discussions. They also engaged in the same after the filing of the present action in the district court. The various settlement offers proposed by Webb were all rejected by the United States. Determining that a settlement was unlikely, the district court set the matter for trial on February 4, 1977. The primary purpose of the trial was to determine whether the 86.22 acres of land situated in Charles County, Maryland was the property of William H. Webb, with title to the property being in the name of Storage & Rental Company of Arlington, Inc., as his agent and/or nominee.

On January 27, 1977, the defendants filed a Proposed Stipulation For Entry of Judgment with the district court. The Proposed Stipulation included the following stipulations: (1) William H. Webb was the sole stockholder in Storage & Rental Company of Arlington, Inc., in 1958, when title to the 86.22 acres of land was transferred to the Company; (2) on October 24, 1961, Webb transferred title to his shares in Storage & Rental Company of Arlington, Inc., to Hanson Buchner, now deceased, as security for payment for materials purchased by him. Pursuant to an agreement with Buchner, William H. Webb retained the right to repurchase the stock upon payment in full of his debts to Buchner and/or Buchner's company. On July 29, 1970, Buchner transferred the stock to K-B Corporation; (3) at the time the 86.22 acres of land was transferred, as well as subsequently, the United States held valid judgment liens against William H. Webb; (4) Storage & Rental Company of Arlington, Inc., took title to the 86.22 acres of land as the agent and nominee of William H. Webb, and Buchner and K-B Corporation took title to the stock in Storage & Rental Company of Arlington, Inc., as an assignee of William H. Webb; (5) the 86.22 acres of land remains under the dominion and control of William H. Webb; (6) the tax judgments in favor of the United States against William H. Webb are valid and subsisting liens on the stock of Storage & Rental Company of Arlington, Inc., and the 86.22 acres of land located in Charles County, Maryland; (7) the United States is entitled to foreclose its liens upon the 86.22 acres of land and the stock and sell the land; and (8) the proceeds from the sale of the land are to be applied against the judgment debts owed by William H. Webb to the United States in a manner consistent with an order of the district court. In conjunction with the Proposed Stipulation For Entry of Judgment, the appellants filed a Motion For Order Directing Plaintiff To Apply Proceeds From Sale Of Real Property As Designated By Defendant William Harlin Webb. In the motion, Webb designated that the proceeds be applied in the following manner: the proceeds would first be applied to the penalty portion of his debt; the proceeds would then be applied to the interest portion of his debt; and the remaining proceeds would go to satisfy any residue of the principal judgment remaining.

In its Memorandum Opinion, the district court stated that the United States con-

curred with the Proposed Stipulation in all respects but one. The United States did not agree with that part of the Proposed Stipulation that read, "The proceeds from the sale of said property are to be applied against the aforesaid judgment debts owed by defendant William Harlin Webb to plaintiff, in a manner consistent with an order of this court." Consequently, the United States opposed the appellants' motion for an order directing the United States to apply the proceeds from the sale of the 86.22 acres of land as designated by Webb. The United States maintained that the taxpayer had no right to designate how the proceeds from the foreclosure sale should be applied to his debts owing the United States since the foreclosure sale constituted an involuntary payment. Relying primarily upon *O'Dell v. United States,* 326 F.2d 451 (10th Cir. 1964), the United States maintained that a debtor may direct how payments voluntarily made by him should be applied as between two or more debts owed a creditor, but such a debtor making an involuntary payment may not direct how such payments should be applied.

The district court agreed with the United States that the right of Webb to designate the application of the proceeds turned on whether the foreclosure sale constituted a voluntary or involuntary payment. It concluded that Webb's payment as a result of the foreclosure sale should be characterized as involuntary. Were that all, perhaps the decision might be sustained, but the court apparently considered those findings as preliminaries and held that "the court does not consider that it has the authority in the instant case to permit the taxpayer to designate the application of the funds. . . ."

The district court was incorrect in holding that it had no authority to decide the issue for that had been agreed to in the stipulation.

■ Neither the appellants nor the United States presented any evidence on the

issue of whether title to the 86.22 acres of land was held in the name of Storage & Rental Company of Arlington, Inc., as the agent and/or nominee of William H. Webb. Thus, with regard to the issue of ownership of the 86.22 acres of land, both the district court and the United States relied upon the information contained in the Proposed Stipulation. Without the use of the facts contained in the Proposed Stipulation, the United States may well have found it impossible to prove that title to the 86.22 acres of land was held by Storage & Rental Company of Arlington, Inc., as the agent and/or nominee of William H. Webb.[3] The United States should not be permitted to reap the benefits from that part of the Proposed Stipulation which favors it and disregard another integral part of the same Proposed Stipulation that happens not to be to its liking.

We have said, "stipulations of attorneys made during a trial may not be disregarded or set aside at will . . .." *Maryland Casualty Co. v. Rickenbaker,* 146 F.2d 751, 753 (4th Cir. 1944), and we have followed that rule quite recently in a case on facts quite similar to the one now before us. *Marshall v. Emersons Ltd.,* 593 F.2d 565. (4th Cir. 1979). Certainly, appellants considered that part of the Proposed Stipulation placing the authority over the designation of proceeds from the foreclosure sale within the discretion of the district court an indispensable part of the Proposed Stipulation For Entry of Judgment. Consequently, it would be patently unjust to allow the United States to pick and choose which parts of the Proposed Stipulation it wants to abide by. It is one thing to oppose the motion of the taxpayer on its merits, but quite another to oppose the provision in the stipulation giving the district court the authority to decide the question. Having sold the property and received the proceeds, the government will not be permitted to argue that the court may not direct distribution of the proceeds as it agreed to by accepting the benefit of the factual stipulation.

**3.** We also note that the government's brief specifically points to the stipulations contained in the Proposed Stipulation For Entry of Judgment as the basis for the finding that William

H. Webb's transfer of the 86.22 acres of land in 1958 was void in that it was made without consideration at a time when Webb was indebted to the United States.

■ Upon remand, which is very narrow, the district court should determine the disposition of the proceeds of the foreclosure sale in accordance with the applicable provision contained in the Proposed Stipulation which provides: "The proceeds from the sale of said property are to be applied against the aforesaid judgment debts owed by defendant William Harlin Webb to plaintiff, in a manner consistent with an order of this court." As we construe that provision, it gives the district court the authority to determine in its discretion how the proceeds from the sale should be applied against the judgment debts owed by Webb to the United States. The district court may decide that the application of the proceeds is in the discretion of the United States; or it may decide that the application of the proceeds is in the discretion of the taxpayer; or it may itself decide to which parts of the judgment debts the proceeds should be applied. We do not suggest the proper application of the funds, for the matter, both law and fact, should first be considered by the district court.

*VACATED and REMANDED.*