Jon Brian LYLES, Plaintiff-Appellee,

Employers Mutual Casualty Company,
Intervening Plaintiff-Appellant,

v.

AMERICAN HOIST & DERRICK
COMPANY, Defendant.

No. 78–1383.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 30, 1979.

Decided Jan. 30, 1980.

Larry A. Tawwater of Lampkin, Wolfe, McCaffrey & Tawwater, Oklahoma City, Okl., for plaintiff-appellee.

Donald Church of Church & Roberts, Tulsa, Okl., for intervening plaintiff-appellant.

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Employers Mutual Casualty Company (Employers), as intervening workmen's compensation insurer, appeals from an "Order Apportioning Settlement Funds" (Order) in this litigation anchored to diversity jurisdiction. The sole issue before us is whether the District Court properly apportioned the $425,000.00 settlement fund by awarding the plaintiff-appellee, Jon Brian Lyles (Lyles), $399,930.00 and Employers $25,070. The latter sum was awarded Employers in full satisfaction of its statutory subrogation claim and assignment of $63,-664.64.

The parties agreed to a settlement during the fifth day of trial to a jury. Thereafter, the following colloquy occurred in open court:

THE COURT: Here, I didn't see Mr. Church come in. Ladies and gentlemen, once again delays can sometimes save time. We have been letting the lawyers discuss and discuss and they have settled the case as far as the Jury is concerned. I understand there's a job left for me to decide the amount of money that's been agreed upon as between the Plaintiff and the Intervenor but both Plaintiff and Intervenor have agreed to accept a certain sum and I guess it's no secret, the Defendant is paying $425,000.00 to settle all claims here, then it's understood that the Plaintiff and Intervenor are going to submit to the Court for judication without the aid and assistance of a Jury, the sole remaining question of how to allocate the $425,000.00 as between Plaintiff and Defendant. Everybody agrees that that is the understanding?

MR. LAMPKIN: [Counsel for the plaintiff] As between Plaintiff and Intervenor, Your Honor.

THE COURT: Yes. Did I say—I'm sorry, yes, Plaintiff and Intervenor. Thank you, Mr. Lampkin. Everybody agrees to that?

MR. DONOVAN: [Counsel for the defendant] Yes.

\* \* \* \* \* \*

MR. LAMPKIN: I think we ought to make it clear and you did in your statement, Your Honor, but this is a stipulation between the Intervenor and the Plaintiff so that—by operation of law his rights are not cut off or by operation of law something doesn't happen to us that we would have to do something, it's strictly a stipulation and that it will be decided by the Court under a certain statute and I think that as long as that's expressed in the record here we are all right.

MR. CHURCH: [Counsel for the intervenor] Yes, I think so.

[R., Vol. XVII, at pp. 679–681].

Thereafter the Court entered an order apportioning the settlement funds on April 25, 1978. The Order provides:

The Court, having heard all of the evidence presented at trial and having considered the arguments of counsel, finds the following:

That Jon Brian Lyles was involved in an accident on March 13, 1974; that at the time of his injury, plaintiff Lyles was the employee of Jensen Construction Company and that his injuries arose out of and in the course of his employment, entitling him to statutory benefits under the Oklahoma Workmen's Compensation Act. That intervenor, Employers Mutual Casualty Company, carried workmen's compensation insurance for Jensen Construction Company at the time of the accident and, pursuant to that insurance contract, paid to plaintiff Lyles compensation benefits in the total sum of $26,-213.13 and in addition paid necessary and reasonable medical expenses incurred by plaintiff Lyles in the amount of $37,-451.51. That the total amount of monies paid by Employers Mutual Casualty Company to Jon Brian Lyles and on behalf of Jon Brian Lyles is $63,664.64.

That Jon Brian Lyles brought a third party action against American Hoist & Derrick alleging that a defect in machinery it sold caused plaintiff's injuries. That as a result of the accident, plaintiff was permanently and totally disabled and was paralyzed from the chest down and that the paralysis is permanent. That during the fifth day of trial of this matter, the defendant, American Hoist & Derrick Company, offered to settle the claim of plaintiff and intervenor for a total amount of $425,000.00, which offer was accepted by both plaintiff and intervenor, *with the stipulation that the apportionment of said monies between plaintiff and intervenor would be determined by the Court, pursuant to 85 O.S. 1976 § 44, in such manner as is just and reasonable.*

The Court further finds that, taking into consideration all of the evidence presented by plaintiff during the trial of this action, including but not limited to testimony of plaintiff's physicians, an economist, and the plaintiff himself, that plaintiff has settled his claim for two/fifths (40%) of the total amount of his loss and that intervenor, Employers Mutual Casualty Company, should therefore compromise its claim in the same proportion as plaintiff.

The Court finds that intervenor, Employers Mutual Casualty Company, should be awarded $25,070.00 and that such sum is just and reasonable under the circumstances.

[R., Vol. I at pp. 319–320]. (Emphasis supplied).

85 O.S.1976 § 44 (§ 44) provides in part:

In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. *Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.* (Emphasis supplied).

Employers does not attack the existence or validity of the stipulation or "that the apportionment of the $425,000.00 settlement would be decided by the Court based on Title 85 Section 44 of the Oklahoma Statutes and cases thereon". [Appellant's Brief at p. 3]. However, even while acknowledging the existence and validity of the stipulation, Employers argues, in effect, that it is entitled to recover the entire $63,-664.64 it advanced in compensation benefits as a proper "apportionment". The term "apportionment" as thus interpreted by Employers would render it whole leaving a sum to Lyles less than the forty percent (40%) of his total loss to which the District Court found him to be entitled.

In support of its argument that it is entitled to recover the entire $63,664.64, Employers cites to a number of our decisions, e. g., *Oklahoma Natural Gas Company v. Mid-Continent Casualty Company*, 268 F.2d 508 (10th Cir. 1959); *Utilities Insurance Company v. McBride*, 315 F.2d 553 (10th Cir. 1963), wherein we held that the insurers in those cases were entitled to be made whole for the awards they had paid. In our view, however, these opinions, and the state opinions construing § 44 cited by Employers are inapplicable when, as here, the parties *stipulate* that the Court is to apportion the monies pursuant to § 44 "in [a] manner as is just and reasonable". Employers does not cite us to anything in the record showing that the Court's apportionment of the settlement funds was anything but "just and reasonable".

Employers' sole argument on appeal is that the District Court was *obligated* to award it the entire $63,664.64 in compensation benefits it advanced to Lyles. Such may very well have been true, but for the stipulation. If, as Employers now contends, it was entitled to recover the full sum of $63,664.64 advanced, why, it must be asked, did Employers stipulate that the District Court should *apportion* the funds in a manner which is "just and reasonable", pursuant to § 44? It seems perfectly obvious that neither the stipulation or the District Court's apportionment were intended to be operative insofar as Employers was concerned. Both are in conflict with Employers' claim for complete, full repayment.

We cannot disregard the stipulation entered into; it is to be regarded as an admission of the parties. *Stubblefield v. Johnson-Fagg, Inc.*, 379 F.2d 270 (10th Cir. 1967). Stipulations of attorneys made during a trial cannot be disregarded or set aside at will. *United States v. Northern Colorado Water Conservancy District, et al.*, 608 F.2d 422 (10th Cir. 1979); *United States v. Webb*, 595 F.2d 203 (4th Cir. 1979); *Marshall v. Emersons, Ltd.*, 593 F.2d 565 (4th Cir. 1979); and rulings of a trial court in accordance with stipulations that are clear and unambiguous will not be considered erroneous on appeal. *Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corporation*, 571 F.2d 1144 (10th Cir. 1978), *cert. denied*, 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978).

Accepting, as we must, the validity and viability of the stipulation, we now consider whether the District Court aforesaid apportioned the settlement funds in a "just and reasonable manner" pursuant to § 44. We have not found, and the parties have not presented us with, any controlling Oklahoma decisions construing § 44 under circumstances similar to those presented here. Accordingly, the views of the federal district judge in a diversity case, who is a resident of the state where the controversy arose, interpretive of a state's laws, carry extraordinary force on appeal where there are no controlling state decisions providing clear precedent. *City of Aurora, Colorado, v. Bechtel Corporation*, 599 F.2d 382 (10th Cir. 1979); *Rasmussen Drilling, supra; Bezzi v. Hocker*, 370 F.2d 533 (10th Cir. 1966).

Findings of the trial court must be upheld on appeal unless they are determined to be clearly erroneous. *Francia v. White*, 594 F.2d 778 (10th Cir. 1979); *Volis v. Puritan Life Insurance Company*, 548 F.2d 895 (10th Cir. 1977). A trial court's findings are not to be deemed clearly erroneous unless, on the entire record, we are left with a definite and firm conviction that a mistake has been made, *Diggs v. Western Electric Company, Inc.*, 587 F.2d 1070 (10th Cir. 1978), and that a judgment cannot be affirmed on any ground arising from the record. *Jaffke v. Dunham*, 352 U.S. 280, 77 S.Ct. 307, 1 L.Ed.2d 314 (1957); *Casto v. Arkansas-Louisiana Gas Company*, 597 F.2d 1323 (10th Cir. 1979).

Applying these standards, we hold that the District Court's apportionment of the settlement proceeds was not clearly erroneous. The trial court presided over the trial for five days and, as a result, was quite able to determine that the settlement fund represented "about two-fifths of what might have been obtained" and that, accordingly, Employers was entitled to recover two-

fifths, or 40 percent of the $63,664.64 advanced.

WE AFFIRM.