934 F.2d 326
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pat KETTLER, Register of Deeds, Sedgwick County, Kansas, Defendant,
and
Raymond J. VAN SKIVER and Alma L. Van Skiver,
Defendant-counter-claimants-Appellants.
 No. 91-3011.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Raymond Van Skiver appeals from an order of the district court invalidating various notices he and Alma Van Skiver filed with the Register of Deeds for Sedgwick County, Kansas, and enjoining the Van Skivers from filing such documents in the future and from filing lawsuits against the United States without prior leave of the court.
 
 
 3
 The Van Skivers do not want to pay federal taxes. They allege, among other things, that they are not subject to or within the jurisdiction of the United States. In a supplemental filing in this court entitled "Motion for Judicial Review, Motion for Relief from Judgment," the Van Skivers embellish their argument that they live within the territorial limits of the State of Kansas and attempt to apply sections of the Uniform Commercial Code to justify their actions. We grant leave to proceed in forma pauperis, and dispose of this appeal on the merits.
 
 
 4
 The Van Skivers appear to be sincere in their beliefs. That is not the point. Their view of the Constitution and laws has been rejected repeatedly by the courts, both in cases relating directly to them, and in other cases. See, for example, our opinions in Lonsdale v. United States, 919 F.2d 1440 (10th Cir.1990), and Christensen v. Ward, 916 F.2d 1462 (10th Cir.1990). As we said in Lonsdale:
 
 
 5
 As the cited cases, as well as many others, have made abundantly clear, the following arguments alluded to by the [defendants] are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759, modified, 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; [and,] (7) no statutory authority exists for imposing an income tax on individuals....
 
 
 6
 Lonsdale v. United States, 919 F.2d at 1448. In the face of these numerous judicial announcements and explanations, Mr. Van Skiver's present appeal with its rehash of meritless arguments is frivolous. The order of the district court is affirmed in all respects for the reasons, and upon the authorities stated in, the district court's patient and thorough memorandum order dated December 13, 1990, a copy of which is attached hereto and incorporated into this decision. The Motion for Judicial Review and Motion for Relief from Judgment are accepted as a supplemental brief. To the extent they are not disposed of by this opinion they are denied. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 DISTRICT OF KANSAS
 
 7
 UNITED STATES OF AMERICA, Plaintiff,
 
 
 8
 v.
 
 
 9
 RAYMOND J. AND ALMA VAN SKIVER; AND PAT KETTLER, Register
 
 
 10
 of Deeds, Sedgwick County, Kansas, Defendants.
 
 Case No. 89-1598-C
 Dec. 13, 1990
 MEMORANDUM ORDER
 
 11
 CROW, District Judge.
 
 
 12
 This matter comes before the court upon the United States' motion for summary judgment. The Government seeks an injunction to permanently enjoin Raymond J. and Alma L. Van Skiver (Van Skivers) from filing any lawsuits against any agency or employee of the United States concerning internal revenue laws without prior leave of the court. The Government also seeks an order invalidating various documents filed by the Van Skivers with the Register of Deeds, as well as a permanent injunction enjoining the Van Skivers from filing any similar documents with the Register of Deeds. The Government also seeks costs of this suit, including attorney's fees.
 
 
 13
 The Van Skivers' response is not a model of clarity. The Van Skivers apparently challenge the power of the United States to sue individuals. The Van Skivers also appear to challenge the power of this court to enter an order which would affect any individual. The Van Skivers also appear to assert the argument that declaring the documents they have filed with the Register of Deeds void in some way "amounts to a 1st Amendment Right violation, Book-Burning!"
 
 Facts
 
 14
 Over the past nine years, the Van Skivers have brought suit against the federal government in federal court on six occasions. A brief chronology of the Van Skivers' dealings with the I.R.S. and the federal courts best illustrates the Van Skivers' history:
 
 
 15
 1981: Van Skiver v. Commissioner of Internal Revenue, Case No. 81-1032. Van Skivers seek declaratory relief and an injunction against the assessment of taxes. The premise of their argument was that because the dollar is no longer backed by silver, they had not made "money" since 1965, only green paper. They also declared that the income tax scheme and collection process was arbitrary and unconstitutional. Judge Theis dismissed the complaint as frivolous and without merit.
 
 
 16
 1983: On March 1, 1983, Raymond Van Skiver signed and mailed the Internal Revenue Service a document titled "Public Office Money Certificate." The document, which is similar in appearance to a check, is payable in the amount of $197.54 to the United States for delinquent federal income taxes. The apparent implication from this document is that Van Skivers' worthless check is the equivalent of a federal reserve note.
 
 
 17
 Van Skiver v. Treasure (sic) of the United States, et al., Case No. 83-1101. In this case the Van Skivers sued the Secretary of the Treasury, the United States Attorney General, and several Internal Revenue Service employees. The Van Skivers claimed that the 16th Amendment was unconstitutional, that income tax laws were vague and ambiguous, that income tax withholding is improper, that their tax debts were never assessed, and that they were denied a jury trial. This court dismissed the complaint as frivolous and without merit.
 
 
 18
 1984: On July 19, 1984, the Van Skivers signed and mailed documents to the Social Security Administration entitled "Notice of Revocation of Power." The documents purported to revoke the Van Skivers social security number. The apparent purpose of this document is premised on the idea that without a social security number there is no "contract" between the United States and the Van Skivers under which they can be compelled to pay income taxes.
 
 
 19
 1985: On May 17, 1985, the Van Skivers mailed documents to the I.R.S. demanding that the I.R.S. "withdraw" certain notices of deficiency. The document begins with statement:
 
 
 20
 "DO NOT DISREGARD ANY PART OR PORTION OF THIS LETTER!!! READ AND UNDERSTAND EVERY WORD!!!
 
 
 21
 The document basically accused I.R.S.' employees of extortion and threatened I.R.S. employees with criminal and civil liability.
 
 
 22
 1986: On April 29, 1986, the Van Skivers filed a lawsuit captioned Van Skiver v. Clarence King, et al., Case No. 86-1368-T. The complaint was brought as "an action AT LAW to bring Defendants to justice ..." The Van Skivers alleged that they were "FREE and Independent Natural Born [free born] Citizens ..." The Van Skivers also argued that because they had not entered any contract with the federal government, the federal government could have no claim against them.
 
 
 23
 On June 2, 1986, the Van Skivers filed a document titled "CONSTRUCTIVE NOTICE." In part, that document stated:
 
 
 24
 WARNING: This Court was "created" by Plaintiffs "Action At Law" and until the Common Law Struck Jury of Twelve (12)" of "Plaintiff's" own "Peers" be assembled ... ONLY the Plaintiffs shall have STANDING within "their" Court. Plaintiff's will not grant any "creature of law" "leave of their Court" to inflict "equity" jurisdiction ..."
 
 
 25
 On June 6, 1986, the Van Skivers filed a document entitled "JUDICIAL NOTICE."
 
 
 26
 [A]n Imposter, John B. Wooley, having NO STANDING UNDER THE LAW ... came "disguised" "under a color of law" to assume an "equity" jurisdiction where Said "equity" is BARRED ... to enter upon THE RECORD an "order of equity" ... be VALID evidence of Mr. Wooley's "intent" to "step out of office" to commit an UN-lawful TRESPASS upon Plaintiff's SUBSTANTIVE RIGHT to their AT LAW COURT ...
 
 
 27
 On July 22, 1986, Judge Theis dismissed Van Skivers' complaint in Case No. 86-1368-T.
 
 
 28
 On November 5, 1986, the Van Skivers filed a lawsuit titled Van Skiver v. United States, et al, Case No. 86-1882-C. In that case the Van Skivers brought suit against the United States, the Secretary of the Treasury, the District Director of the I.R.S., as well as several other federal and state government employees. The "Preliminary Statement" stated:
 
 
 29
 This is a class action for declaratory and injunctive relief to enjoin Defendants from seizing and/or liening properties of the NON-TAXPAYER ... to declare that NON-TAXPAYERS, in Plaintiff's class, are entitled to "DUE PROCESS" ... and should have been and must be informed as to exactly how the code of a de facto internal revenue service, as a "creature of law", applies to NON-TAXPAYERS; while acting within the bounds of their Natural Rights;
 
 
 30
 In Exhibit "C" the Van Skivers directed the United States Attorney for the District of Kansas to issue warrants of arrest for certain Internal Revenue Service employees.
 
 
 31
 On January 23, 1987, this court dismissed the Van Skivers' complaint in Case No. 86-1882-C. The court denied the United States' motion for costs. The court stated, however, "being aware that plaintiffs have filed a similar action [in] the past, will not hesitate to grant such a motion in the future should plaintiffs raise identical issues in a subsequent suit."
 
 
 32
 1987: In January of 1987, the Van Skivers filed a lawsuit titled Van Skiver v. United States, Case No. 87-1040-K.
 
 
 33
 Judge Kelly noted that the Van Skivers' action was similar to Case No. 86-1882-C.
 
 
 34
 On January 30, 1987, Judge Kelly dismissed the complaint, concluding that "the contents of plaintiff's claims are wholly frivolous on their face and not deserving of response by way of answers from any of the defendants." Costs were assessed to the Van Skivers.
 
 
 35
 On October 15, 1987, Raymond Van Skiver signed and filed with the Register of Deeds for Sedgwick County a "Notice of Release of Federal Tax Lien by Automatic Action of Law," and other "Notices." One of the notices filed by Raymond Van Skiver is titled "Notice to President Reagan of the Commission of Treason."[1]
 
 
 36
 On October 15, 1987, Raymond Van Skiver signed and filed with the Register of Deeds of Sedgwick County a "Notice of Release of IRS Seizure by Automatic Action of Law," and other "Notices."
 
 
 37
 1988 On January 26, 1988, Raymond Van Skiver signed and filed with the Register of Deeds for Sedgwick County a "Notice & Nullification of Alleged Quitclaim Deeds by Automatic Action of Law," and other "Notices."
 
 
 38
 1989: On August 25, 1989, the Van Skivers filed a lawsuit titled Van Skiver v. United States, Case No. 89-1470-C. The complaint alleged a wrongful levy claim, an unauthorized disclosure claim, and a quiet title claim. On January 31, 1990, this court dismissed the Vankskivers' wrongful levy claim and dismissed in part the unauthorized disclosure claim.
 
 
 39
 On July 16, 1990, this court granted summary judgment in favor of the United States on the remaining claims.
 
 
 40
 On November 28, 1990, this court denied the Van Skivers' motion to reconsider.
 
 
 41
 Notices filed with the register of deeds.
 
 
 42
 As noted above, the Van Skivers have filed documents constituting various "notices" with the Sedgwick County Register of Deeds. The Government seeks an order declaring those records null and void and expunging those documents from the Register of Deeds records. Those "notices" apparently tend to cloud the title of the property. The Government also seeks an injunction enjoining the Van Skivers from filing similar documents with the Sedgwick County Register of Deeds.[2]
 
 
 43
 The Van Skivers apparently only challenge the court's ability to issue such an order; they do not appear to challenge the facts that are alleged by the Government.[3] Because the Van Skivers do not appear to contest whether or not such an order is warranted in this case, the issue turns on whether this court has the authority to issue such an order.
 
 
 44
 Generally, an injunction is appropriate when there exists no adequate remedy at law. Title 26 U.S.C. Sec. 7402(a) authorizes district courts to issue injunctive and other relief to enforce internal revenue laws. The power given to the district court "encompasses a broad range of powers necessary to compel compliance with tax laws." United States v. Ernst & Whinny, 735 F.2d 1296, 1300 (11th Cir.1984). The power to invalidate the "notices" filed by the Van Skivers and to enjoin them from filing similar "notices" in the future appears to fall within the authority granted to this court. See United States v. Kaun, 633 F.Supp. 406, 408-409 (E.D.Wis.1986).
 
 
 45
 The ability of the federal court to declare documents filed with the state register of deeds invalid is not unprecedented. In United States v. Hart, 545 F.Supp. 470 (D.N.Dakota 1982), the United States and three employees of the I.R.S. brought suit seeking declaratory and injunctive relief arising out of documents which had been recorded by the register of deeds and indexed against the real estate holdings of I.R.S. employees. In granting the plaintiffs' motion for summary judgment, the district court declared the lien documents void and of no force or effect. 545 F.Supp. at 475.
 
 
 46
 The court concludes that the "notices" filed by the Van Skivers on the property at issue are null and void. The following named documents:
 
 
 47
 1. "Notice of Release of Federal Tax Lien by Automatic Action of Law," dated 10-14-87 and filed of record on 10-15-87 in the office of the Sedgwick County Register of Deeds at Film 925, Page 1422, Document No. 9 12522;
 
 
 48
 2. "Notice of Release of IRS Seizure by Automatic Action of Law," dated 10-14-87 and filed of record on 10-15-87 in the Office of the Sedgwick County Register of Deeds at Film 925, Page 1411, Document No. 9 12521;
 
 
 49
 3. "Notice & Nullification of Alleged Quitclaim Deeds by Automatic Action of Law," dated 1-26-88 in the office of the Sedgwick County Register of Deeds at Film 944, Page 1403, Document No. 9 28503;
 
 
 50
 are declared null and void and shall have no legal effect whatsoever.
 
 The real property described as follows:
 
 51
 Lots 1-12, inclusive, Block B, Cedar Downs 3rd Addition to Sedgwick County, Kansas; and Lots 3-23, inclusive, Block C, Cedar Downs 3rd Addition to Sedgwick County, Kansas; and The W 330 Ft of the E 680 ft of the 660 ft of the SE 1/4, Sec. 1, Twp. 27s, R 2 West of the 6th P.M., Sedgwick County, Kansas
 
 
 52
 is hereby relieved of and discharged from the effect, if any, of the filing of the documents described in the preceding paragraph.
 
 
 53
 The court, having concluded that it has the authority to issue injunctive relief, deems the issuance of an injunction appropriate. The Government should no longer be required to defend its right to property it has rightfully seized. Raymond J. and Alma Van Skiver are permanently enjoined from filing or attempting to file any additional "notices" or any other similar document affecting the above described property. Violation of this injunction by Raymond J. or Alma Van Skiver will constitute contempt.
 
 
 54
 Enjoining the Van Skivers from filing future claims against the United States or its agents.
 
 
 55
 "[T]he right of access to the courts is neither absolute nor unconditional, ... and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989) (citations omitted). A district court has the authority "to enjoin litigants who abuse the court system by harassing their opponents. Id. at 352. The Supreme court recently noted:
 
 
 56
 Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.
 
 
 57
 In re McDonald, 489 U.S. ----, ----, --- S.Ct. ----, 103 L.Ed.2d 158, 164 (1989).
 
 
 58
 "Litigiousness alone will not support an injunction restricting filing activities.... However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." Tripati, 878 F.2d at 353 (citations omitted). Some of the factors relevant in determining whether a litigant's future access to the courts should be restricted include: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2nd Cir.1986), cert. denied, 479 U.S. 1099 (1987). "Ultimately, the question the courts must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." id.
 
 
 59
 Any restrictions imposed by the district court must be carefully tailored to the relevant circumstances with the goal of curbing the particular abusive behavior. Tripati, 878 F.2d at 352. Before an order restricting access is instituted, the litigant must be afforded notice and an opportunity to oppose it.
 
 
 60
 In Bullard v. Home National Bank of Arkansas City, Case No. 89-1199-C (D.Kan.1989), this court directed the plaintiff to show cause why the court should not enter an order imposing several conditions or restrictions upon future filings of suits in federal court. Bullard responded by filing more documents "utterly lacking in merit and substance." This court entered an order prohibiting Bullard from filing any future law suits in the United States District of Kansas without leave of this court.
 
 
 61
 Restricting an individual's access to federal court to bring challenges against the I.R.S. or the internal revenue laws is not unprecedented in the Tenth Circuit. In Ijams v. Bryan, 79-2 U.S.T.C. p 9629 (D.Kan.1979), Judge Rogers recounted the plaintiff's long history of filing absurd or incomprehensible documents. Judge Rogers referred to one document filed by the plaintiff as invoking "the 'stream of consciousness' principle of human perception and proceeds to use that principle as an organizational guide." The court granted injunctive relief and commented:
 
 
 62
 The requested remedy is extraordinary indeed, for access to courts is an important and fundamental right. But as evidenced in the cases cited by defendant, when that right is so abused that the only result of repeated lawsuits filed by a pro se plaintiff is the harassment of government officials in pursuit of their lawful duties, extraordinary action may be necessary.
 
 
 63
 More recently, in Christensen v. Ward, 916 F.2d 1462, 1469 (10th Cir.1990), the court of appeals issued an order to show cause why sanctions against an individual who repeatedly challenged the federal government's ability to assess and collect taxes should not be imposed. After considering Christensen's response to the order to show cause, the court of appeals imposed the sanction of double costs, prohibited that individual from filing the same or similar allegations in the United States District Court for the District of Utah, and required a contribution of $500 to the Clerk of the United States Court of Appeals for the Tenth Circuit as a limited contribution to the United States for the cost and expenses of his cause of action. Christensen v. Ward, 916 F.2d 1485 (10th Cir.), cert. denied, 59 U.S.L.W. 3405 (1990).
 
 
 64
 In addition to the chronological history set out above, the Van Skivers' penchant for presenting frivolous, often nonsensical arguments to the court is demonstrated by the documents filed in this case. In paragraph # 78 of the Van Skivers' "ANSWER & COUNTERCLAIM," they state:
 
 
 65
 Van Skiver DENIES the plaintiff's complaint & argument, as unlike the counsel for the plaintiff, defendant Van Skiver has a Constitutionally secured right (above at 10. part a; & at 1. part a) to file even blatantly frivolous actions caused by lay ignorance of all the intricacies of legal procedure: and as many times as he feels it necessary in order to protect himself, his family, & his property from the deprivations of alleged officers operating outside of the law & office in outlawry.
 
 
 66
 The Van Skivers' response to the Government's motion for summary judgment is another example of their legal analysis. The following are quotes from their response:
 
 
 67
 1. Plaintiff filed it "Civil" action to enjoin Defendant's 1st Amendment Right to make "frivolous pleading" which amount to no more than a "Redress of Grievances" prooly placed.
 
 
 68
 .............................................................
 
 
 69
 ...................
 
 
 70
 * * *
 
 
 71
 6. And to the adverse, Article III, Section 2, fails to mention that the judicial Powers shall extend to Controversies between the United States and Citizens. "It is the law that is under the jurisdiction of the federal Court, not the individual!" Chisholm v. Georgia, 1 L.Ed. (2 Dall) 418, 475 (1793). Therefore, individuals stand absolved of the judicial Power of the United States.
 
 
 72
 7. Additionally, Resolutions of the Congress can only equate to "jurisdictions" as are, in fact, delegated to the United States--all others are reserved to the States, or to the people respectively. Amendment 9 and 10.
 
 
 73
 8. Whereupon, Plaintiff seeks to make "Null and Void" a Kansas State Governmental Record titled "Nullification of Alleged Quit Claim Deed", without first proving that the contents thereon are, in fact interfering in with the revenue laws of the United States, or that Defendants reside with the exclusive jurisdiction of the United States Congress. To do so amounts to a 1st Amendment Right violation, Book-Burning!
 
 
 74
 These arguments are wholly without merit. See United States v. Fahey, 614 F.2d 691 (10th Cir.1980) (taxpayers' argument that the United States is without authority to bring civil actions against citizens is frivolous). It is patently absurd to even suggest that federal courts have jurisdiction only over the "law" and not individuals. Van Skivers' argument that they are not individuals subject to internal revenue laws or the power of the court is equally preposterous. See Lonsdale v. United States, --- F.2d ----, ---- (10th Cir.1990) (collects arguments attacking the assessment or collection of taxes that completely lack legal merit).
 
 
 75
 On November 15, 1990, the Van Skivers' filed a supplemental pleading in which they attempt to apply commercial law concepts to the issues of this case. (An identical pleading was filed on that same day in Van Skiver v. United States, Case No. 89-1470-C, another case then pending before this court.) In that document, the Van Skivers cite the Uniform Commercial Code, which generally deals with the sale of goods. The Van Skivers focus on Sec. 2-302, which pertains to "unconscionability." Although the pleading was filed out of time, the court has reviewed that document. The crux of the Van Skivers' argument appears to turn on the Government's "unconscionable act" of issuing a Social Security number to an "under-aged-youth." The convoluted, "stream of consciousness" arguments raised by the Van Skivers in the supplemental pleading are virtually unintelligible, frivolous, misapply the law, or do not address issues relevant to this case. A copy of that pleading is attached to this order.
 
 
 76
 It is apparent from the numerous documents filed by the Van Skivers that they have access to the Internal Revenue Code, federal and regional reporters and treatises. Unfortunately, the unique, and often unintelligible interpretations of the law have required the Government, this court and other courts in this district to spend several hours wading through the myriad of documents filed by the Van Skivers. The Van Skivers also have demonstrated a penchant for revisiting, albeit in somewhat different forms, arguments previously dismissed by the courts. Perhaps most disturbing is the fact that the Van Skivers are unwilling to accept, or for that matter even acknowledge, unchallenged and well-established precedent in direct conflict with the arguments they wish to advance. While the Van Skivers' perseverance cannot be denied, their continual, frivolous harassment of Government employees and waste of the court's resources rehashing the same arguments must end.
 
 
 77
 Over the past nine years the Van Skivers have persisted in bringing frivolous suits and harassing I.R.S. employees with unenforceable threats of civil and criminal sanctions. Obviously, filing fee costs nor the threat of or imposition of costs have not imposed a sufficient obstacle to the litigious Van Skivers. The Van Skivers are apparently undaunted by the amount of time, energy, and resources necessary to prosecute or defend a lawsuit.
 
 
 78
 In order to protect the Government from unnecessary harassment and to preserve the resources of the court, the court proposes to enter the following order:
 
 
 79
 1. The defendant, Raymond J. and Alma Van Skiver, individually or in unison, are precluded from filing any new actions in the United States District Court for the District of Kansas against the United States, any agency of the United States, or any officer or employee of the United States, that contain the same or similar arguments or allegations as set forth in their answer and other pleadings in the case at bar (including any direct or indirect challenge to the previous court proceedings or judgments), without obtaining leave of this court. The requirement of leave of the court is deemed to be a condition precedent to the commencement of any legal action against the United States or its agents brought by the Van Skivers in this court. The Van Skivers' failure to seek leave constitutes grounds for the immediate dismissal of the action.
 
 
 80
 2. In seeking the court's leave, the Van Skivers must comply with the following requirements:
 
 
 81
 (a) The Van Skivers must file a "Motion Pursuant to Court Order Seeking Leave to File" and attach thereto a copy of their proposed complaint.
 
 
 82
 (b) As an exhibit, the Van Skivers must attach a declaration under penalty of perjury prepared pursuant to 28 U.S.C. Sec. 1746 or a sworn affidavit certifying that (1) their claims are not claims that have been previously asserted and/or involve issues previously litigated and resolved; (2) that their claims are not frivolous or made in bad faith.
 
 
 83
 (c) As a second exhibit to that motion, the Van Skivers, will attach a copy of this order filed today.
 
 
 84
 (d) As a third exhibit to that motion, the Van Skivers must identify and list: (1) the full caption of each and every suit which has been previously filed by them or on their behalf in any court against each and every defendant named in the suit that they wish to file, and (2) the full caption of each and every suit which they have currently pending.
 
 
 85
 (e) As a fourth exhibit to that motion, the Van Skivers must provide a copy of each complaint filed in the suits identified in (d)(1) above.
 
 
 86
 3. If and when leave is granted to file their proposed complaint, a copy of this order will be attached to their complaint and served on the defendants.
 
 
 87
 The court retains the authority to modify this injunction as circumstances warrant.
 
 
 88
 The notice and opportunity requirement set forth in the Tripati decision does not necessitate an in-person hearing before the district court. 878 F.2d at 354. The Van Skivers are hereby given twenty days from the filing date of this order to file with this court their written reasons opposing the above proposed restrictions on their ability to bring suit against the United States or its agents. The Government may also file its respective position within this same time period.
 
 
 89
 Van Skivers' counterclaim.
 
 
 90
 On January 18, 1990, the Van Skivers filed a document titled "ANSWER & COUNTERCLAIM." In that twenty-eight page document, the Van Skivers advance several arguments challenging the constitutionality of the Government's requested relief. The Van Skivers also asserted a "counterclaim" against the Government. The Government, in a two paragraph response, denied "any statements contained in defendants' answer and counterclaim ... that can be construed as a counterclaim ..." The Government requested that the counterclaim be dismissed with prejudice.
 
 
 91
 The court has reviewed the "ANSWER & COUNTERCLAIM" filed by the Van Skivers. The substance of the Van Skivers' "counterclaim" appears to only request denial of the Government's claims and an award of costs, including attorney's fees, in their favor. Therefore, the Van Skivers' "counterclaim" is disposed of by the fact that the Government is entitled to summary judgment.
 
 
 92
 IT IS THEREFORE ORDERED that the "notices" filed by the Van Skivers ("Notice of Release of Federal Tax Lien by Automatic Action of Law," Document No. 9 12522; "Notice of Release of IRS Seizure by Automatic Action of Law," Document No. 9 12521; "Notice & Nullification of Alleged Quitclaim Deeds by Automatic Action of Law," Document No. 9 28503) are declared null and void. The real property, as described above, is relieved of and discharged from the effect, if any, of those "notices." Raymond J. and Alma Van Skiver are permanently enjoined from filing or attempting to file any additional "notices" or any other similar document affecting the above described property.
 
 
 93
 The Government's request for costs, including attorney's fees, is denied. In the event that the Van Skivers unnecessarily harass the Government in the future, the court will not hesitate to award costs.
 
 
 94
 IT IS FURTHER ORDERED that the Van Skivers' "counterclaim" is dismissed with prejudice.
 
 
 95
 IT IS FURTHER ORDERED that the Raymond J. and Alma Van Skiver and the Government are hereby provided twenty days from the filing date of this order to submit their positions on the proposed order restricting the Van Skivers' ability to file future lawsuits against the United States or its agents in federal court only upon obtaining leave of the court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Each of the notices filed by the Vanskivers advance untenable interpretations of the law. The notices apparently pertain to property sold by the I.R.S. pursuant to 26 U.S.C. Sec. 6335 and quitclaim deeds issued pursuant to 26 U.S.C. Sec. 6338
 
 
 [2]
 The Register of Deeds does not challenge the court's authority to declare the "notices" invalid
 
 
 [3]
 The Vanskivers do challenge the Government's ability to bring a suit against individuals as well as the court's jurisdiction over individuals. These arguments are discussed below