**In re Lawrence Mack BUCKNER, Barbara Jean Buckner, Debtors.**

**No. 98–70810.**

United States Bankruptcy Court, E.D. Oklahoma.

Nov. 8, 2000.

Lawrence Buckner and Barbara Buckner, Coweta, OK, debtors, pro se.

Teresa Trissell, Washington, DC, for IRS.

Joseph Gappa, Oklahoma City, OK, for Oklahoma Tax Commission.

### MEMORANDUM OF DECISION

TOM R. CORNISH, Bankruptcy Judge.

On the 1st day of November, 2000, the Objection to Proof of Claim of the Internal Revenue Service ("IRS") filed by the Debtors; Response by the Oklahoma Tax Commission ("OTC"); Response by the IRS; Motion for Summary Judgment filed by the IRS and Response by the Debtors came on for hearing. The Debtors appeared pro se and Teresa Dondlinger Trissell appeared for the IRS and Joseph Gappa appeared for the OTC. No evidence was presented to the Court. After hearing arguments presented, this Court hereby enters the following findings and conclusions in conformity with Rule 7052, Fed. R.Bankr.P., in this core proceeding.

At the time of filing this bankruptcy, the Debtors had not filed tax returns for 1993 through 1998. Subsequently, the Debtors filed tax returns which showed tax liabilities for 1993 through 1998. The IRS accepted the tax liability as set forth by the Debtors with respect to all years except 1993, in which the IRS noted that the Debtors owed no tax liability. The IRS then objected to the Debtors' chapter 13 plan. In an attempt to resolve the objection, the Debtors and the IRS entered into a stipulation. As a result, the Court con-

firmed the Debtors chapter 13 plan on November 16, 1998. Almost two years later, the Debtors, for reasons only know to them, decided that they did not owe income taxes since their earned income and retirement income were not taxable income. Mr. Buckner was an active pilot for Northwest Airlines during 1993, 1994 and part of 1995. He retired in August 1995. While he was an active pilot, his annual income was approximately $180,000.00. His retirement is approximately $100,000.00 per year. The Debtors have now submitted amended tax returns to the IRS for the years 1993 through 1998. The Oklahoma Tax Commission announced at the hearing that it was waiting for the IRS to determine the tax liability on the amended tax returns before it would make its determination. Thus, this litigation follows. At this proceeding, the IRS referred to the Buckners as "tax protesters," to which they took exception.

The IRS argues, in its Motion for Summary Judgment filed October 12, 2000, that the stipulation is an admission which cannot be disregarded or set aside at will. *See, Wheeler v. John Deere Co.,* 935 F.2d 1090, 1097 (10th Cir.1991) (citing *Lyles v. American Hoist & Derrick Co.,* 614 F.2d 691, 694 (10th Cir.1980); *Vallejos v. C.E. Glass Co.,* 583 F.2d 507, 510 (10th Cir.1978); *Stubblefield v. Johnson–Fagg, Inc.,* 379 F.2d 270, 272 (10th Cir.1967)). When manifest injustice will occur, courts have allowed stipulations to be withdrawn. *Id.* This Court agrees with the IRS. The stipulation is an admission and will not set aside. In this case, there has been no injustice which would allow the court to set aside the stipulation.

Furthermore, § 1327 of the Bankruptcy Code provides: "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327. This plan was confirmed on November 16, 1998, and no appeal was taken by the Buckners from this Court's Order. There must be finality to the Court's Orders. This Court finds that the Objection to Proof of Claim of IRS filed by the Debtors should be denied and the Motion for Summary Judgment filed by the IRS should be granted.

IT IS THEREFORE ORDERED that the Objection to Proof Of Claim of the Internal revenue Service filed by the Debtors is **denied.**

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by the IRS is **granted.**