UNITED STATES of America,
Plaintiff–Appellee, ·

v.

Raymond J. VAN SKIVER,
Defendant–Appellant,

and

Alma L. Van Skiver; Pat Kettler,
Register of Deeds, Sedgwick
County, Defendants.

No. 01–3191.

United States Court of Appeals,
Tenth Circuit.

Dec. 12, 2001.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

Raymond J. and Alma Van Skiver, appearing *pro se,* appeal the district court's order denying their "Motion to Reconsider." We affirm.

For several years the Van Skivers have attempted to litigate essentially the same issues against the United States government, challenging its authority to collect taxes from them. The most recent litigation arises out of a suit the United States brought against the Van Skivers to seek to invalidate certain notices the Van Skivers had filed with the Sedgwick County Recorder of Deeds after the government entered a levy against their property for nonpayment of taxes. In a memorandum order dated December 13, 1990, the district court granted the government's motion for summary judgment. The district court's order declared the notices filed by the Van Skivers null and void and permanently enjoined them from filing or attempting to file any similar documents. The court also permanently enjoined the Van Skivers from filing suit against the United States government without obtaining prior leave from the court. This aspect of the injunction was based on the court's finding that as of ten years ago, in 1991, the Van Skivers had "[for] the past nine years ... persisted in bringing frivolous suits and harassing I.R.S. employees with unenforceable threats of civil and criminal sanctions," Rec., doc. 23 at 15, and further finding the Van Skivers had demonstrated a "penchant for presenting frivolous, often nonsensical arguments to the court ...," *id.* at 12, and "for revisiting, albeit in somewhat different forms, arguments previously dismissed by the courts." *Id.* at 15. The Van Skivers appealed that decision to this court, and we affirmed the district court, incorporating the court's memorandum order in its entirety. *United States v. Kettler,* 91–3011, 934 F.2d 326, 1991 WL 94457 (10th Cir. June 3, 1991).

In a similar suit, the Van Skivers sued the United States and John Does on the grounds of wrongful levy, unauthorized disclosure, and seeking to quiet title. The district court dismissed their suit. Van Skiver filed a motion styled as a "Motion for Reconsideration" on July 31, 1990,

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

which the district court rejected. The Van Skivers appealed and we affirmed. *Van Skiver v. United States,* 952 F.2d 1241 (10th Cir.1991).

Between July 2000 and February 2001, the Van Skivers filed several motions with the district court seeking to alter the judgment entered in *United States v. Kettler* ten years previously. The district court issued a memorandum and order on February 20, 2001, and an order on April 18, 2001, denying all relief on those motions. Van Skivers subsequently filed a "Motion to Reconsider," which the district court similarly rejected in an order dated June 1, 2001. It is this latest denial, of their Motion to Reconsider, that Van Skivers now appeal.

The district court denied the motion with understandably little comment. We construe the motion as a motion seeking relief from a judgment pursuant to FED. R. CIV.P. 60(b). *See Van Skiver,* 952 F.2d at 1243. We review the district court's denial only for abuse of discretion. *Id.* In our review, moreover, we consider only the denial of reconsideration by the district court and not the merits of the underlying judgment. *Id.*

The district court found that the motion merely restated frivolous arguments the Van Skivers have presented, and had rejected by, the courts numerous times. Moreover, it found the Van Skivers presented no legal basis under Rule 60(b) why the court should reconsider-yet again-those frivolous arguments. *See, e.g., Van Skiver,* 952 F.2d at 1243–44. Based on our review of the record, we find no abuse of discretion.

For the foregoing reasons, we AFFIRM the order of the district court denying the motion to reconsider.

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.